GERTRUDE HAYWARD *vs.* ELIZABETH I. MARONEY.

First Judicial District, Hartford, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A plaintiff in an action for slander is entitled to more than nominal damages if the words uttered are actionable *per se* and are found to have been false and malicious.

Evidence of the defendant's repetition of the slanderous words is admissible to prove actual malice and thus lay the foundation for enhanced damages.

Evidence of an occurrence immaterial in itself may be admissible to fix the date of a fact to which a witness has testified.

Upon cross-examination of the plaintiff she was asked if she had not been arrested for injuring the defendant's property and had not settled for the damage. *Held* that neither of these questions tended to show bias or affect the credibility of the witness, as claimed, and were therefore properly excluded, as, also, were similar questions subsequently asked for the same purpose of the defendant upon her direct examination.

Where the trial court has before it a standard for comparison and other competent evidence tending to prove that the address on a package received by the plaintiff was written by the defendant, this court cannot say on appeal that the admission of the package in evidence was erroneous because it had not been shown that the defendant sent it.

Argued October 2d—decided December 19th, 1912.

ACTION for slander, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the plaintiff for $150, and appeal by the defendant. *No error.*

*Andrew J. Broughel* and *Birdsey E. Case*, with whom was *Joseph L. Barbour*, for the appellant (defendant).

*Sidney E. Clarke*, for the appellee (plaintiff).

THAYER, J. This is an action for slander. The slanderous words alleged were actionable *per se*, and the

court found that they were false and malicious. It therefore properly overruled the defendant's claim that the plaintiff was entitled to only nominal damages.

The evidence of Mrs. Reed as to the speaking of the words was properly received. She stated, it is true, that they were spoken some time in February, the month in which the suit was commenced, and the ground of objection was that it did not appear that the words were uttered before the bringing of the action. But she fixed the date as being on the day that she learned that the plaintiff had received a certain letter from the defendant, and there was evidence offered tending to prove that this was on the twentieth of February. The action was commenced on the twenty-third of February.

The testimony of the same witness, to prove a subsequent repetition of the same words by the defendant concerning the plaintiff, was properly received for the purpose for which it was offered, to prove actual malice and thus lay the foundation for enhanced damages.

The letter from the defendant to the plaintiff, Exhibit A, was properly received in evidence in connection with testimony showing that it was the one referred to by Mrs. Reed, that it was received by the plaintiff on February twentieth, and that she at once notified Mrs. Reed by telephone that she had received it. The evidence tended to fix the time when the slander was uttered, and to show that it was prior to the bringing of the action.

The questions asked the plaintiff on cross-examination as to her previous arrest for damaging the defendant's property, and her having settled for such damage, were properly excluded. Neither of them tended to show a contradiction of the witness' former statements and thus affect her credibility, and they were not admissible as tending to show bias on the part of the plaintiff in

giving her testimony, these being the grounds upon which they were claimed. Similar questions asked of the defendant for the same purpose upon direct examination were also properly excluded.

The admission of the package, Exhibit B, a package claimed to have been sent by the defendant to the plaintiff, was objected to upon the ground that it had not been shown that the defendant sent it. The court had before it Exhibit A, acknowledged by the defendant to have been written by her, and the address upon the wrapper of Exhibit B. There was also the testimony of witnesses that in their opinion the writing on the wrapper of the package was the defendant's. We cannot say that the court erred in overruling the objection and admitting the exhibit.

The correctness of the court's action in refusing to find certain facts and in finding others improperly, is raised on the appeal. We have examined the evidence and find no ground for changing the finding as made.

There is no error.

In this opinion the other judges concurred.