JOSEPH E. REARDON *v.* DENTAL COMMISSION OF THE STATE OF CONNECTICUT.

MALTBIE, C. J., AVERY. BROWN, JENNINGS and ELLS, Js.

Argued April 3—decided June 6, 1941.

*Richardson Bronson,* for the appellant (plaintiff).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

MALTBIE, C. J.   On April 10, 1939, the state dental commission, after hearings, suspended the license of the plaintiff to practice dentistry for a period of six months.   He appealed to the Superior Court and it was agreed that the suspension should not become operative until the final determination of that appeal.   The trial court dismissed it and the plaintiff has appealed to this court.

The statute provides that the commission may suspend or revoke the license of a dentist if he is guilty of the breach of certain offenses which it sets out. General Statutes, Cum. Sup. 1937, § 635d; Cum. Sup. 1939, § 1014e. The trial court decided that the commission was warranted in finding proven certain of the grounds upon which it based its action. We have no occasion, however, to consider the correctness of that conclusion. The procedure to be followed by the commission as regards the revocation or suspension of licenses is set forth in § 2809 of the General Statutes. This provides that in case any person shall make an accusation against a dentist it shall be reduced to writing and verified; that if the commission deems the charges as made are sufficient, if true, to warrant the suspension or revocation of the license, it shall make an order fixing a time and place of hearing and requiring the accused to appear and answer; that such order with a copy of the charges shall be served on the accused; that the commission and the accused may be represented by counsel at the hearing; that it may summon witnesses; and that the commissioners may administer oaths. The statute then proceeds as follows: "In case any commissioner shall learn of any act of any licensed dentist, unlicensed assistant dentist or dental hygienist which in his opinion is or might be the cause for the suspension or revocation of any license, certificate or registration, such commissioner may inform the recorder of the dental commission and the recorder shall then investigate or cause investigation of the facts or acts complained of. The recorder, upon obtaining information concerning such facts or acts, shall report to the dental commission, and, if the commission shall deem that the facts or acts as complained of are sufficient to warrant the suspension or revocation of such license, certificate or registration, it shall

then direct the recorder to have served upon the accused a written complaint of the facts or acts alleged in place of the written complaint as otherwise provided for in this section, and the procedure in regard to notice and hearing shall be as above set forth for other complaints."

It was clearly the intent of the legislature that the commission, in acting upon the charges made against a licensed dentist, should proceed in a quasi-judicial capacity, reaching their conclusion upon the evidence which should be produced before it. It is not within the contemplation of the statutes that any of the commissioners, except the recorder, shall personally investigate any charges and act upon the basis of the information so secured. Such investigation might well lead them to approach the hearing with a preconceived idea of the guilt or innocence of the accused. He would, very likely, be placed in the position of having to overcome, by evidence he might produce, this idea. Moreover, such an investigation would be apt to result in a violation of that requirement of due process of law that one called upon to answer shall be confronted with the evidence against him. *Interstate Commerce Commission* v. *Louisville & Nashville R. Co.*, 227 U. S. 88, 93, 33 Sup. Ct. 185; *Ungar* v. *Seaman*, 4 Fed. (2d) 80, 82; *United States and Interstate Commerce Commission* v. *Abilene & Southern Ry. Co.*, 265 U. S. 274, 289, 44 Sup. Ct. 565. It is true that the statute does not fully carry out this conception of the duties of the commission because it does provide for an investigation by the recorder and the recorder is a member of the commission. General Statutes, Cum. Sup. 1935, § 1139c. It is, however, clearly the intent of the legislature that the decision of the commission shall be reached upon evidence produced at the hearing and contrary to that intent that it should be based

upon information obtained, and submitted to the commission, by its members.

The trial court has found that, at the hearings before the commission, no oral evidence was produced other than the unsworn statements of its members. An examination of the transcript of the proceedings before it, made a part of the finding as an exhibit, discloses that two members of the commission, not including the recorder, testified at length as to the results of their personal investigation of the offices conducted by the plaintiff at Waterbury and New Haven. It appears that the members had discussed the matter among themselves before the hearing. Three members stated that before it was held they had formed a definite opinion as to the guilt or innocence of the plaintiff, and the answers given by various members to questions by plaintiff's counsel leave no doubt that the burden was placed upon the plaintiff to overcome that opinion. The very result which the legislature intended should not happen came to pass. The plaintiff did not have such a hearing before the commission as the statute provides and the violation of proper procedure was so fundamental that, whether or not the plaintiff had been guilty of violating the prohibitions of the statute, the trial court should have sustained the appeal.

There is error, and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.