State of Connecticut *v.* Josephine Barnes.
State of Connecticut *v.* Anna Gamble.
State of Connecticut *v.* Ethel Johnson.
State of Connecticut *v.* Vivian Johnson.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 2—decided November 8, 1945.

*Louis Feinmark,* for the appellants (defendants Anna Gamble and Ethel Johnson), with whom was *Salvatore P. Genuario,* for the appellants (defendants Josephine Barnes and Vivian Johnson).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (state).

Jennings, J. The defendants were charged in Fairfield County with conspiracy to steal fur coats. Overt acts in Stamford and Norwalk were alleged. The trial was to the court and the issue on appeal concerns the admission of evidence of criminal acts of the defendants in New Haven County. The finding is not attacked.

On October 11, 1944, the defendants entered a small fur store in Stamford. The defendant Barnes said she wanted to buy a fur coat and the other three defendants appeared as friends to help her make a selection. While the proprietor was helping the defendant Barnes, two of the other defendants stood around him shutting off his view of the store while the fourth appeared to be looking at the coats on the racks. The defendant Barnes tentatively selected a fur coat and made a deposit of $5. She took a receipt in the name of Evelyn Johnson. After the defendants left, the proprietor found that a valuable fur coat which had been on the rack when they entered the store was missing. He had not seen them carrying any coat or bundle as they left.

Shortly afterwards, the defendants visited a small fur store in Norwalk. The procedure and results were the same except that the defendant Barnes added a false address and that four articles which had been on the racks when the defendants entered were missing. No person entered either store between the time of the arrival of the defendants and the time of the discovery that the fur coats were missing.

About two hours later the four defendants entered a fur store in New Haven. The proprietor saw the defendant Ethel Johnson putting a fur coat under her skirt and called the police. Upon the demand of the latter, she let the fur coat drop. Two fur coats belonging to the same store were found in toilet rooms

used by the defendants Barnes and Gamble at the New Haven police station. A search of the defendants revealed that each one of them had concealed on her person three or four large pins generally known as horse blanket pins. No evidence was offered on behalf of the defendants.

The defendants admit that evidence that they were together in New Haven was admissible on the question of identification, but they except to the claim of the state that it was relevant to prove their guilt of the crime of conspiracy to steal fur coats, on the principal ground that proof of guilt of other crimes than that charged is inadmissible for the latter purpose.

The rule relied on by the defendants has been repeated in practically all of the numerous cases in which the point has been considered. *State* v. *Gilligan,* 92 Conn. 526, 530, 103 Atl. 649; *State* v. *Simborski,* 120 Conn. 624, 630, 182 Atl. 221. There are certain exceptions to its application which are as well recognized as is the rule itself. Among these are those permitting such evidence to show identity, intent and a "common scheme embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other." *Jones* v. *State,* 182 Md. 653, 657, 35 Atl. (2d) 916; *People* v. *Molineux,* 168 N. Y. 264, 305, 61 N. E. 286, 62 L. R. A. 193, 219, note; *People* v. *Duffy,* 212 N. Y. 57, 66, 105 N. E. 839, L. R. A. 1915B 103; *People* v. *Popescue,* 345 Ill. 142, 156, 177 N. E. 739, 77 A. L. R. 1199; *People* v. *Curran,* 286 Ill. 302, 310, 121 N. E. 637; *State* v. *Sweeney,* 180 Minn. 450, 455, 231 N. W. 225; 1 Wharton, Criminal Evidence (11th Ed.), p. 527. Professor Wigmore discusses this subject and points out that the underlying reason for admitting the testimony to prove the intent of the accused and to prove the crime itself is the same. The only difference is that in the latter case the com-

bination of common features that will suggest a common plan as their explanation involves a much higher grade of similarity. 2 Wigmore, Evidence (3d Ed.), § 304. Conspiracy is particularly suited to the application of this rule. 1 Wharton, op. cit. p. 285, and note on "System in conspiracy," p. 530; see *State* v. *Spalding,* 19 Conn. 233, 237; *Williams* v. *Maislen,* 116 Conn. 433, 438, 165 Atl. 455.

It is unnecessary to repeat the circumstances of the three occurrences described in the finding. The situations might almost be described as identical. Every requirement of the exception to the rule is fully met. The evidence of the New Haven affair was relevant and admissible. This being so, it is not rendered inadmissible because it tends to prove that the defendants were guilty of a crime. *State* v. *Chapman,* 103 Conn. 453, 481, 130 Atl. 899. Incidentally, no reason appears on this record why the defendants should have been charged with conspiracy rather than with theft.

There is no error.

In this opinion the other judges concurred.