PAUL ROMANOV v. DENTAL COMMISSION OF THE STATE OF CONNECTICUT ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 15, 1954—decided January 4, 1955

*A. R. Friedman,* for the appellant (plaintiff)

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *William L. Beers,* attorney general, for the appellees (defendants).

WYNNE, J. In this action the plaintiff seeks to enjoin the state dental commission from holding a hearing on charges preferred against him. Named as defendants are the dental commission and its members, all of whom will be hereinafter referred to as the defendants. The issues were found for the defendants, and the plaintiff has appealed from the judgment. Error is assigned in the court's action (1) in reaching the conclusions stated in the finding, and (2) in overruling the plaintiff's claims of law.

The facts may be summarized as follows: The plaintiff is a duly licensed dentist in practice in the city of Stamford. On November 9, 1953, a complaint under oath was filed against him with the defendants. It accused him of a violation of subsections (12) and (15) of § 1695c of the 1953 Cumulative Supplement to the General Statutes.[1] It set forth that the plaintiff had caused to be published in two papers circulating in Stamford an advertisement, the text of which was as follows: "Paul Romanov DDS announces that his practice is devoted to Prosthetics: NEW PLATES made of beautiful plastic with natural looking teeth  OLD PLATES TRANSFORMED Same day into New Plastic  DENTAL PLATES REPAIRED Broken or missing false teeth matched and replaced. One Hour Service  474 Atlantic Street (opp. Hugo's)

[1] "Sec. 1695c. SUSPENSION OR REVOCATION OF LICENSE. The dental commission may suspend or revoke any license . . . that shall have been granted and may prohibit any dentist . . . from further practice for any of the following causes: . . . (12) advertising for patronage by means of handbills, posters, circulars, stereopticon slides, motion pictures, radio, television or newspapers; . . . (15) unprofessional conduct. . . ."

Tel. 4-4335." The commission, purporting to act under § 4452 of the General Statutes[2] for a claimed violation of § 1695c, ordered a hearing on the charges contained in the complaint.

At its session in 1953, the General Assembly passed an act, § 1697c of the 1953 Cumulative Supplement, providing for the appointment, in each county of the state, of a grievance committee of dentists.[3] These committees were vested with the

[2] "Sec. 4452. COMPLAINTS AGAINST DENTISTS. In case any person shall make an accusation against any dentist . . . based upon any cause specified in section 4450, the same shall be reduced to writing . . . and three copies thereof shall be filed with the recorder of the dental commission. If the dental commission shall deem that the charges as made are sufficient, if true, to warrant the suspension or revocation of [the dentist's] license . . ., it shall make an order fixing the time and place of hearing and requiring the accused to appear and answer thereto, and such order, together with a copy of the charges, shall be served on the accused at least twenty days before the time of the hearing . . . . The commissioners may hear [the] charges made against him, and, if the accused shall be found guilty of any of the charges made, may revoke, or suspend for a limited period, his license . . . . In case any commissioner shall learn of any act of any licensed dentist . . . which in his opinion is or might be the cause for the suspension or revocation of any license . . . such commissioner may inform the recorder of the dental commission and the recorder shall then investigate or cause investigation of the facts or acts complained of. The recorder, upon obtaining information concerning such facts or acts, shall report to the dental commission, and, if the commission shall deem that the facts or acts as complained of are sufficient to warrant the suspension or revocation of such license, . . . it shall then direct the recorder to have served upon the accused a written complaint . . . and the procedure in regard to notice and hearing shall be as above set forth for other complaints."

[3] "Sec. 1697c. GRIEVANCE COMMITTEE. The dental commission shall annually, on or before the first day of July, appoint three licensed dentists, in good standing, engaged in active practice, to be a grievance committee in each county, to remain in office until their successors shall, in like manner, be appointed, whose duty it shall be to inquire into, investigate and present to the dental commission any complaints involving the character, integrity, professional standing and conduct of licensed dentists residing or practicing in such county and to investigate and present to said commission any person deemed

power of investigating and presenting to the dental commission complaints against dentists involving character, integrity, professional standing and conduct. The machinery set up in § 1697c also contemplated that a grievance committee might reprimand a dentist, either publicly or privately, or cause him to be reprimanded by the dental commission, if the committee found the offense not sufficiently serious for presentation to the commission. At the time the complaint was filed against the plaintiff, a grievance committee, although authorized by § 1697c, had not yet been appointed for Fairfield County, where the plaintiff practiced.

It is the plaintiff's claim that any complaint against him could only be presented and acted upon under the provisions of the law creating a grievance committee and that, had the grievance committee procedure been followed, it is conceivable that he would have received only a reprimand for his conduct, while, under the procedure adopted, his license is subject to revocation or suspension. It is this suggested discrepancy that is the basis of the present action. The plaintiff contends that the 1953 legislation effectively wiped out the procedure for handling complaints against dentists as outlined in § 4452 and as followed in the present case. In his brief he asks us to hold that § 1697c repealed by implication all the provisions of § 4452, or at least those that permit complaints against dentists to be initiated directly before the commission without preliminary action by a grievance committee. To hold otherwise,

in violation of section 1695c. If such committee shall not deem the offense sufficiently serious to present such person to the commission, such committee may, in its discretion, reprimand such person or cause him to be reprimanded by the dental commission, either publicly or in such manner as such committee of said commission shall deem proper."

the plaintiff argues, would place him in a different category from that plainly intended by the 1953 General Assembly for all dentists in practice on the effective date of § 1697c.

As to this claim, it seems clear that the two sections do not apply to the same subject matter. Under § 4452 the commission is empowered to discipline dentists. The creation of county grievance committees under § 1697c was obviously intended to police the profession and provide a method of referring complaints to the commission in cases which the grievance committees felt called for such action. There is nothing in § 1697c to evidence a legislative intent that the procedure for handling complaints outlined therein is to be exclusive. The grievance committees created by the section are invested, in the first instance, with power to investigate and to present to the dental commission any complaints involving the character, integrity, professional standing or conduct of any dentist. This is not inconsistent with the like powers given to the commission under § 4452. It was contemplated that the commission's powers of investigation and complaint under that section would be exercised by the recorder of the commission. *Reardon* v. *Dental Commission*, 128 Conn. 116, 119, 20 A.2d 622. A grievance committee is also given discretion, if it deems the offense insufficient to warrant presentation of the complaint to the commission, to reprimand the one against whom the complaint is made or to recommend that he be reprimanded by the commission. But such action under § 1697c would not foreclose a complaint upon the same cause to the commission or prevent the commission from proceeding under § 4452 if it considered that action warranted. The two sections are not repugnant. It

therefore follows that the reasoning in *State* v. *Peck,* 88 Conn. 447, 456, 91 A. 274, applies.

The plaintiff asserts, as a further reason why § 1697c must have repealed § 4452 by implication, that the two sections cannot coexist without giving rise to discrimination. He claims that to hold that he was subject to the procedure provided by § 4452 would create a situation where some dentists could be tried by a grievance committee, with possible minor consequences, while others might be summoned before the dental commission, with possible serious consequences. The discrimination so resulting, he suggests, would cause a violation of constitutional limitations.

The answer to this argument is that dentists are a class and all members of the class are, by the legislation as we interpret it, treated alike. Each individual has equal protection within the meaning of the fourteenth amendment to the federal constitution. *Missouri ex rel. Hurwitz* v. *North,* 271 U.S. 40, 43, 46 S. Ct. 384, 70 L. Ed. 818. Section 4452 does no more than prescribe procedure for a hearing of charges. It does not affect the substantive rights of an individual. Specifically, the plaintiff's rights are in no way prejudiced by reason of his having been summoned before the commission directly instead of having had a preliminary hearing before the grievance committee. Whichever procedure was followed, it must be presumed that his license would not be revoked or suspended unless the commission found that his conduct warranted it. Nor would he escape with a mere reprimand unless the commission believed that that was adequate since, as was pointed out above, the commission is free to override the action of a grievance committee if that action has been the administration of a reprimand.

The establishment of county grievance committees has no bearing upon the statutory power of the dental commission to discipline dentists.

Another claim made is that § 4452, under which the complaint against the plaintiff was filed with the dental commission, is no longer effective, and was not effective when the complaint was filed, because it depends upon § 4450, which was repealed in 1951. Section 4452 provides for the procedure to be followed "[i]n case any person shall make an accusation against any dentist . . . based upon any cause specified in section 4450." Section 4450 was the section of the General Statutes empowering the dental commission to suspend or revoke a license and listing the permissible grounds for such action, thirteen in number. In 1951 the statute was amended by adding a fourteenth ground. Cum. Sup. 1951, § 919b. The amending statute, Public Acts 1951, No. 190, contained this language: "Section 4450 of the general statutes is repealed and the following is substituted in lieu thereof. . . ." The statute was again amended by Public Acts 1953, No. 336, which repealed § 919b of the 1951 Cumulative Supplement and substituted the same language, with the addition of "unprofessional conduct" as the fifteenth ground for disciplinary action. As thus amended, the statute became § 1695c of the 1953 Cumulative Supplement and has been so referred to in this opinion. The plaintiff argues that because § 4450 was, in form, repealed, and because § 4452 was not amended to change its reference to § 4450 so that it would refer, in 1951, to § 919b, and in 1953 to § 1695c, therefore § 4452 could not be employed to institute disciplinary action against the plaintiff. This does not necessarily follow. The repeal of § 4450, the section to which reference is made in § 4452, does

not affect the latter statute. As a general rule, the repeal of a statutory provision adopted by another statute through incorporation by reference is inoperative so far as the adopting statute is concerned, in the absence of express or implied legislative intent to the contrary. Where a particular statute is incorporated into another statute by specific or descriptive words, the presumption is that the legislature did not intend that modification or repeal of the adopted statute should affect the adopting statute. *Legat* v. *Adorno,* 138 Conn. 134, 150, 83 A.2d 185; note, 168 A.L.R. 627, 636. Moreover, where one statute makes provision for the enforcement of another, it must be presumed that the legislative intent is that the former will apply to the enforcement of any subsequent amendment of the latter. Under this rule, § 4452 remained in effect to authorize the commission to discipline dentists for any of the causes set forth in § 4450 as that latter section was amended by §§ 919b and 1695c.

The plaintiff also claims that § 4452 is unconstitutional because it denies due process in that under it the commission is investigator, prosecutor and judge. The same claim could be made with reference to most statutes which define the powers of administrative tribunals. The section provides for a hearing after notice, and this is all that is essential to due process. *Missouri ex rel. Hurwitz* v. *North,* supra, 42. If the provisions of the section are adhered to, the legislative intent that there should be a quasi-judicial hearing will have been carried out. *Reardon* v. *Dental Commission,* 128 Conn. 116, 119, 20 A.2d 622.

There is no error.

In this opinion the other judges concurred.