VINCENT H. OBUCHOWSKI *v.* DENTAL COMMISSION OF THE STATE OF CONNECTICUT

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 6, 1961—decided February 20, 1962

*Michael V. Blansfield* and *Irving W. Pasternak,* for the appellant (plaintiff).

*Michael J. Scanlon,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

MURPHY, J. The plaintiff is a dentist whose license to practice dentistry was suspended by the dental commission for a period of ninety days for alleged violations of the statutes governing the practice of dentistry. On appeal, the Superior Court sustained the action of the commission. From that judgment the plaintiff has appealed.

As the result of a verified complaint filed by the attorney for the State Dental Association, the plaintiff was summoned to appear before the commission on November 16, 1959. He contends that the notice served upon him failed to comply with the relevant provisions of General Statutes § 20-115[1] and that therefore the commission was disqualified from hearing the accusations contained in the affidavit of complaint against him. The section provides for a hearing after notice. *Romanov* v. *Dental Commission,* 142 Conn. 44, 52, 111 A.2d 9. The minutes of the meeting of the commission on October 14, 1959, recite that the affidavit was read and that it was voted to hold a hearing on November 16 on the

---

[1] "Sec. 20-115. COMPLAINTS AGAINST DENTISTS. If any person makes an accusation against any dentist . . . based upon any cause specified in section 20-114, the same shall be reduced to writing and verified by some person familiar with the facts therein stated and three copies thereof shall be filed with . . . the dental commission. If the dental commission deems that the charges as made are sufficient, if true, to warrant the suspension or revocation of [his] license . . . , it shall make an order fixing the time and place of hearing and requiring the accused to appear and answer thereto, and such order, together with a copy of the charges, shall be served on the accused at least twenty days before the time of the hearing, such service to be made either in person or by registered or certified mail sent to the last-known post-office address."

charges contained therein. The secretary of the commission caused to be served on the plaintiff within the prescribed time a copy of the verified complaint and the following summons, signed by him: "You are hereby summoned to appear before the Dental Commission of the State of Connecticut at the office of the Attorney General, State Capitol, Hartford, Connecticut, on Monday morning, November 16th, at ten o'clock, then and there to answer unto the charges contained in an Affidavit of Complaint, a copy of which is annexed hereto and made a part hereof." That the commission deemed the charges, if true, sufficient to warrant suspension or revocation of the plaintiff's license is implicit in its action in voting to conduct a hearing on them. The failure to denominate as an order the vote to hold a hearing neither prejudiced the plaintiff nor invalidated the hearing. One of the purposes of § 20-115 is to discourage frivolous complaints and to ensure that when serious charges are made, the accused may be fully informed of them a sufficient length of time before the hearing so that he can prepare his defense. *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535, 540, 79 A.2d 350.

The record in this case does not include a finding of the subordinate facts on which the commission based its conclusions, nor the minutes of its action. These minutes should be full and complete and made with such particularity as to enable the court on appeal to understand clearly what was done. See *Jaffe* v. *State Department of Health,* 135 Conn. 339, 343, 64 A.2d 330. We are therefore handicapped in our consideration of this appeal.

The complaint on this appeal alleges that the commission notified the plaintiff on January 29, 1960, that he was found guilty on all of the four charges

as presented at the hearing on November 16, 1959, and that the commission had voted to suspend his license for fifteen days for violating § 20-121 of the General Statutes; thirty days for violating § 20-122; fifteen days for violating § 20-119; and thirty days for violating § 20-114. These allegations were admitted in the defendant's answer. The verified accusations against the plaintiff recite the history, from 1938, of a dental laboratory at 161 East Main Street, Waterbury, and the association of the plaintiff and Victoria B. Sweeney in its operation following April 4, 1959. It is asserted that Mrs. Sweeney is believed to be the owner and operator of the business and to be conducting it through her employee, the plaintiff. It is then charged that the plaintiff is violating § 20-121 by operating a dental office under the name of one other than the actual owner; is violating § 20-122 in practicing dentistry in an office operated under a trade name; is violating § 20-119 in knowing or having reason to know that his employer had failed to file a list of licensed dentists with the commission; and is violating § 20-114 (14) in aiding and abetting the practice of dentistry or dental medicine by an unlicensed person.

At the same time the commission conducted the hearing on the charges against the plaintiff, it also heard similar accusations against Mrs. Sweeney, a licensed dental hygienist. The gist of the charges against the plaintiff is that he, though claiming to be the owner of a ground-floor office limited to making and repairing prosthetic dentures, actually is acting as a front or figurehead for the real owner, Mrs. Sweeney. In effect, the charges alleged a scheme or conspiracy to circumvent the provisions of the statutes which restrict the practice of dentistry to licensed dentists, with certain exceptions

not material to this case. General Statutes §§ 20-106, 20-123.

The appendix to the plaintiff's brief contains the record of the entire proceedings before the commission at the hearing on November 16, 1959. It discloses that on June 8, 1938, Mrs. Sweeney purchased the dental laboratory equipment at 161 East Main Street in Waterbury from Dr. Samuel L. Whitwright, by whom she had been employed for many years, and soon after leased to Dr. Whitwright two operating rooms at that address. On June 8, 1938, she also executed, and later caused to be filed in the town records, a certificate of trade name reciting her use of the name City Dental Laboratory in the business. Dr. Whitwright died ten years later. After his death, three dentists followed him, in succession, at the laboratory. The second of them, Dr. Edward J. Leonard, did not own the dental laboratory equipment there, did not pay any rent, and did not know who the landlord was. Mrs. Sweeney testified that the third, Dr. William C. Spain, purchased the equipment from her in 1952 and conducted the business until his death on April 4, 1959. The purchase price was $1000, of which only $50 was paid in the seven years he had the business. On April 4, 1959, the day Dr. Spain died, Mrs. Sweeney sold the equipment to the plaintiff for $1000. This sale was evidenced by a promissory note due one year thereafter with interest. There is no conveyance to Mrs. Sweeney from Dr. Spain, or the representative of his estate, of Dr. Spain's interest in the business. His estate, if any, has never been probated. Mrs. Sweeney claims to have received a payment of $50 on the note from the plaintiff.

The monthly gross income of the business, between April and June, 1959, ran from $1721 to

$4228. It was all in cash. Mrs. Sweeney testified about the manner in which the income was handled. The plaintiff would pay Mrs. Sweeney and a technician, her stepson, in cash each week. She would deposit enough money in the plaintiff's checking account to pay other expenses. The plaintiff does not have a lease of the premises and has had no contact with the landlord. To pay the rent, the plaintiff would give Mrs. Sweeney a check made payable to cash and she would deposit it in her account. She would then pay the rent with her personal check. Both before and since the plaintiff's connection with the business, Mrs. Sweeney has personally conducted the dealings with customers, examining dentures brought in for repair, giving prices on the cost of the work, delivering the repaired dentures to the customers and receiving payment for them. The names of Dr. Spain and the City Dental Laboratory remained on signs in the front window and in lettering on the door of the laboratory after the plaintiff's name was added in April, 1959, and were not removed until after the charges against the plaintiff were served upon him.

Although the plaintiff is not to be held responsible for acts which occurred prior to his assumption of ostensible ownership of the business, the pattern of operation since Mrs. Sweeney acquired control of it in 1938 was admissible to show that she and not the plaintiff was the actual owner and operator of the business. See *Williams* v. *Maislen,* 116 Conn. 433, 439, 165 A. 455; *Davis* v. *Maislen,* 116 Conn. 375, 385, 165 A. 451; *State* v. *Barnes,* 132 Conn. 370, 372, 44 A.2d 708. Furthermore, administrative boards are not hampered in their operations by strict and technical rules of evidence. Other transactions may be shown from which the intent of the

parties may reasonably be inferred. *International Brotherhood* v. *Commission on Civil Rights,* 140 Conn. 537, 546, 102 A.2d 366, and cases cited.

The practice of dentistry and dental medicine is defined in General Statutes § 20-123. As related to the facts in this case, any person, other than a licensed dentist, who repairs any prosthetic denture, except on the direction of a licensed dentist, or delivers it to any person other than the dentist on whose direction the work was performed, or gives estimates on the cost of treatment, is guilty of a violation. This portion of the statute was declared constitutional in *Amsel* v. *Brooks,* 141 Conn. 288, 298, 106 A.2d 152. The practice of dentistry or dental medicine is restricted to licensed dentists. General Statutes § 20-106. Mrs. Sweeney, a licensed dental hygienist, could be employed as such by a licensed dentist to clean teeth and mark charts but could not deal directly with customers in matters relating to the repair and delivery of prosthetic dentures. General Statutes § 20-111.

From the evidence before it, the commission could reasonably conclude that Mrs. Sweeney was the actual owner of the laboratory business at 161 East Main Street, Waterbury, and that the plaintiff, from April 4, 1959, to the time of the filing of the charges against him, was permitting the use of his name and license in violation of law. In conducting the operations under his own name and that of Dr. Spain and the City Dental Laboratory, the plaintiff violated § 20-121, which prohibits the operation of a dental office under any other name than that of the dentist or dentists actually owning the practice and practicing therein. Since the plaintiff aided and abetted Mrs. Sweeney, an unlicensed person, in the practice of dentistry or dental medicine, he

violated § 20-114 (14). There was no error in dismissing the appeal as to these two violations.

General Statutes § 20-122 restricts the ownership and operation of dental offices, laboratories and other dental facilities in which dentistry is practiced to individual licensed dentists except in the case of hospitals, schools, and certain governmental institutions and industrial corporations which obtain permission from the commission. The statute makes no mention of the use of a trade name. The plaintiff is charged with violating this section by practicing dentistry in an office operating under a trade name. It is impossible to read into § 20-122 anything from which a violation of it under the charge preferred could be found.

A violation of § 20-119 by the plaintiff is alleged in that "he knows or should know that his employer, Victoria B. Sweeney or City Dental Laboratory, has failed to file a list of licensed dentists with the Dental Commission." Section 20-119 requires each person, firm or corporation owning or operating a dental office or establishment in which dentistry is carried on to file a written list, on or before January 1 of each year, of the names of all dentists employed or associated with the business and to give written notice of any change within thirty days of such change. It then concludes: "Any violation of the provisions of this section shall be sufficient ground for the suspension of the license . . . of such dentist . . . whose location, employment or place of business is thus changed." As already pointed out, only licensed dentists and the corporations and institutions listed in § 20-122 can employ dentists in the dental operations which constitute the practice of dentistry. This being so, it would be inconsistent with and contradictory to § 20-122

to hold that § 20-119 requires lists of licensed dentists to be filed by other than those who are legally permitted to employ such dentists. In the interpretation of a legislative enactment, the various provisions should be considered as a whole, so that they may be reconciled if possible. *Clark* v. *Town Council,* 145 Conn. 476, 485, 144 A.2d 327. Mrs. Sweeney was ineligible to operate a dental office or laboratory in which dentistry was practiced. Therefore, she was under no legal obligation to file the list required by § 20-119, or changes therein, and the plaintiff could not be guilty of a violation of § 20-119 as charged. The court should have sustained his appeal as to the violations of §§ 20-122 and 20-119.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.