DENTAL COMMISSION OF THE STATE OF CONNECTICUT
*v.* TRU-FIT PLASTICS, INC.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 9—decided May 6, 1970

*David B. Beizer,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellant (plaintiff).

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellee (defendant).

ALCORN, C. J.  The portion of § 20-123 of the General Statutes (Rev. to 1968) which is material to the present case provides that "[a]ny person . . . who, directly or indirectly, by any means or method, furnishes, supplies, constructs, reproduces or repairs any prosthetic denture, bridge, appliance or any other structure to be worn in the human mouth, except upon the written direction of a licensed dentist, or who places such appliance or structure in the human mouth or attempts to adjust the same, or delivers the same to any person other than the dentist upon whose direction the work was performed . . . shall be deemed as practicing dentistry or dental medicine."  The penalty for each week in which dentistry is practiced in violation of the statute is, for a first offense, a fine of not less than $500 nor more than $1000 or imprisonment for not more than six months or both.  General Statutes (Rev. to 1968) § 20-126.

The defendant is not licensed to practice dentistry in Connecticut.  The plaintiff dental commission, pursuant to § 20-126, applied to the Court of Common Pleas for an injunction to restrain the defendant from the practice of dentistry.  The court rendered judgment for the defendant, and the plaintiff has appealed.

Both parties have departed from the issues upon the basis of which the injunction was sought.  In its complaint the plaintiff alleged that it and "citizens of this State, including but not limited to licensed dentists" are irreparably injured by the defendant's "manufacture and sale of denture kits".  The irreparable injury is alleged to arise because

the defendant's activity is causing injury to the mouths or bodies of persons who purchase the kits or use dentures constructed from them; is conveying the incorrect impression that the defendant is licensed to practice dentistry; is conveying the incorrect impression that the manufacture and sale of the kits are approved by the plaintiff; is conveying the incorrect impression that the use of the kit is a medically suitable and adequate alternative to a set of dentures made under the direction of a licensed dentist; and is injuring the professional reputation of dentists through creating the incorrect impression that one may practice dentistry in Connecticut in the defendant's medically unsound and harmful manner. There was no evidence presented to the trial court in support of these allegations and a denial of injunctive relief would have been proper on that ground.

The case was submitted to the trial court, and is now before us, on a stipulation of facts, in substance, as follows: The defendant makes bulk purchases of three different powders and a liquid. It measures these into containers which it packages into what is called a "Spare Denture Kit". Included are molds and instructions on how to fashion a spare denture by using an existing denture and the materials in the kit. The defendant is not licensed to practice dentistry in Connecticut and the materials are collected and the instructions are composed without the aid or authority of a Connecticut dentist. Beginning in December, 1964, the defendant advertised the sale of the "Spare Denture Kits" so assembled in national news media and in newspapers circulated and sold in Connecticut. From December, 1964, until March 31, 1965, the defendant sold and supplied such kits to persons in Connecticut without

authority from a licensed Connecticut dentist. Since March 31, 1965, the defendant has sold such kits to persons outside Connecticut without authority from a licensed Connecticut dentist.

On these facts, the only issue presented to the trial court, and now to us, is whether the defendant is engaged in the practice of dentistry within the meaning of the portion of § 20-123 which we have quoted. The trial court held that it was not and we agree with that conclusion.

That the portion of § 20-123 which is in issue is a constitutional exercise, penal in nature, of the police power designed to serve the public health and that the conduct or acts which it proscribes are sufficiently explicit to meet constitutional requirements are settled law. *Amsel* v. *Brooks,* 141 Conn. 288, 297–98, 106 A.2d 152. Since the statute is in derogation of a common-law right and penal in nature, it must be strictly applied. *Mack* v. *Saars,* 150 Conn. 290, 294, 188 A.2d 863, and cases cited. When the language used in a statute is clear and unambiguous, its meaning is not subject to modification by construction. *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835; *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36. It is not the function of courts to read into clearly expressed legislation provisions which do not find expression in its words; *Lenox Realty Co.* v. *Hackett,* 122 Conn. 143, 150, 187 A. 895; nor is it our function to substitute our own ideas of what might be a wise provision in the place of a clear expression of the legislative will. *Connelly* v. *Bridgeport,* 104 Conn. 238, 249, 132 A. 690. The statute must be applied as its words direct. *Obuchowski* v. *Dental Commission,* 149 Conn. 257, 265, 178 A.2d 537.

The language in issue describes one type of per-

son deemed to be practicing dentistry or dental medicine. Such a one is declared to be a person who "directly or indirectly, by any means or method" does certain acts "except upon the written direction of a licensed dentist". That person runs afoul of the statute if he "furnishes, supplies, constructs, reproduces or repairs any prosthetic denture, bridge, appliance or any other structure to be worn in the human mouth". Actually, we suppose, the statute might be claimed to penalize the sporting goods dealer who supplied an item such as the mouthpiece commonly used by boxers, but that is beside the point. The controlling point is that the statute makes no mention of one who assembles, packages and sells, with appropriate instructions, the materials from which an individual may, if he wishes to attempt to do so, fashion a duplicate of his own denture. Consequently, the trial court was correct in refusing to enjoin the defendant from engaging in that activity.

There is no error.

In this opinion the other judges concurred.