LOCAL 1344, COUNCIL No. 4, AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES *v.*
CONNECTICUT STATE BOARD OF LABOR
RELATIONS ET AL.

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE No. 108134

Memorandum filed March 12, 1973

*Zeman, Daly & Silvester,* of Hartford, for the plaintiff.

*Robert K. Killian,* attorney general, and *Alphonse C. Jachimczyk,* assistant attorney general, for the named defendant.

*Richard L. Hershatter,* of New Haven, for the defendant East Haven board of education.

*Hugh F. Keefe,* of New Haven, for the defendant town of East Haven.

COLLINS, J.   This is an appeal under Public Acts 1971, No. 854, now, as amended, chapter 54 of the General Statutes, entitled "Uniform Administrative

Procedure Act." The plaintiff, Local 1344 of Council No. 4, American Federation of State, County and Municipal Employees, A.F.L.–C.I.O., hereinafter referred to as the union, claims that a decision of the state board of labor relations, hereinafter referred to as the board, dismissing a complaint filed with the board by the union was prejudicial to substantial rights of the union in several alleged particulars.

Although the complaint does not specifically allege that the union was "aggrieved" by the board's decision, and the Uniform Administrative Procedure Act, at § 4-183 (a) of the General Statutes, states that "[a] person . . . who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter," the court finds that the allegations of the complaint allege sufficient facts for the court to hold that the union is an aggrieved party within the meaning of the statute and that the matter is a "contested case" as that is defined under § 4-166 (2) of the General Statutes, and therefore the court has jurisdiction to entertain this appeal.

The facts are not in dispute. On May 1, 1972, there was a collective bargaining agreement in effect between the East Haven board of education and the union covering all custodial and maintenance employees. The agreement covered the period from July 1, 1970, to June 30, 1972. Article II (c), (d) and (e) of the agreement covered procedure for filling a vacancy, and prior to May 1, 1972, pursuant to the agreement, the board of education complied with these provisions. The civil service commission of the town of East Haven, effective May 1, 1972, amended its rules and regulations to include all non-professional employees of the board of education in the competitive classified service and made them subject to the rules and regulations of civil service.

The board of education, effective May 1, 1972, substituted civil service rules and regulations in place of the agreement's provisions for filling a vacancy.

The issues before this court are quite simply whether the board of education, pursuant to the Municipal Employee Relations Act at § 7-474 (f) of the General Statutes, was prohibited, on and after May 1, 1972, until the termination of the collective bargaining agreement, from discontinuing the procedure for filling vacancies provided by that agreement, and whether § 7-474 (g) of the act allows the terms of such an agreement to be amended or changed by a municipal civil service commission.

If at all possible, statutes should be construed to create one consistent body of law, and this is particularly true when the statutes involved were dealt with in the same session of the General Assembly. *Obuchowski* v. *Dental Commission,* 149 Conn. 257, 266. Section 7-474, (a) to (g), was enacted as Public Acts 1965, No. 159 § 8 (as amended, Public Acts 1967, No. 491 §§ 7, 8, 9; Public Acts 1971, No. 532 §§ 1, 2). Further, every part of an act should, so far as possible, be made operative and harmonious with every other part. *Muller* v. *Town Plan & Zoning Commission,* 145 Conn. 325, 331; *State ex rel. McCarthy* v. *Watson,* 132 Conn. 518, 533.

Accordingly, subsections (f) and (g) of § 7-474 should, if at all possible, be construed in such a manner as not to put them in conflict. This result can be obtained only by holding that the language in (f) stating that, if there is "a conflict between any agreement . . . on matters appropriate to collective bargaining . . . and any . . . rules or regulations adopted by the municipal employer or its . . . civil service commission . . . , the terms of such agreement shall prevail," must be qualified by the language in (g) that "[t]he conduct and the

grading of merit examinations, the rating of candidates and the establishment of lists from such examinations and the appointments from such lists . . . shall not be subject to collective bargaining." Read in that light, the two sections do not contradict or conflict with each other. Simply put, (g) sets forth areas that the legislature expressly states are not subject to collective bargaining, and the "conflict" referred to in (f) applies only to other areas covered by a collective bargaining agreement.

The court concludes that this appeal should be, and it hereby is, dismissed.