FITZPATRICK'S INC. *v.* COMMISSIONER OF MOTOR VEHICLES

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 3—decided November 14, 1973

*Stephen J. O'Neill,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *Richard R. Brown,* assistant attorney general, for the appellant (defendant).

*Joseph E. Sakal,* for the appellee (plaintiff).

SHAPIRO, J.  Following a hearing, the defendant commissioner of motor vehicles concluded that the plaintiff had violated § 14-64 of the General Statutes in that it made false statements to a customer by representing a vehicle as an "executive demonstrator" when in fact it was a used car, and that the plaintiff had also violated § 14-62 (7) as that statute relates to the issuance of an order and invoice on the sale of a motor vehicle.  As a result, the plaintiff's new car dealer's license was ordered suspended for a period of two days for the claimed violation of § 14-62 (7) and for a period of five days for the claimed violation of § 14-64, both suspensions "to be served concurrently."  As prescribed by § 14-64, the plaintiff was required to post a bond of $1000 prior to reinstatement of its license.  The plaintiff appealed to the Court of Common Pleas from the commissioner's decision.  That court dismissed the plaintiff's appeal relative to the viola-

tion of § 14-62 (7) and sustained it relative to the claimed violation of § 14-64.[1] The commissioner appealed to this court from the judgment rendered. Unless the decision by the commissioner is unwarranted in law or is in abuse of his discretion, his action should not be overruled by the court. *Demma* v. *Commissioner of Motor Vehicles,* 165 Conn. 15, 16, 327 A.2d 569; *Dempsey* v. *Tynan,* 143 Conn. 202, 206, 120 A.2d 700.

There was evidence before the commissioner from which he could find the following facts pertinent to this appeal: On January 7, 1971, William Pidlipchak purchased a 1970 Plymouth Fury III from the plaintiff. The vehicle was previously owned by Avis Rent A Car System, Inc., hereinafter Avis. The purchase order between Pidlipchak and the plaintiff described the vehicle as an "Exc Demo." The vehicle was represented to the buyer as an "executive demonstrator" and not as a leasing company vehicle. From these facts the commissioner concluded that the plaintiff violated the provisions of § 14-64 "in that it made a false statement to Mr. Pidlipchak when it represented the 1970 Plymouth Fury III as an 'executive demonstrator' when in fact the vehicle was a used motor vehicle previously registered and owned by Avis Rent A Car." The appeal was sustained and the judgment rendered by the

---

[1] General Statutes § 14-64 provides in part: "The commissioner shall suspend or revoke the license or licenses of any licensee when, after notice and hearing, it is determined that such licensee has violated any provision of this subdivision (D) [of chapter 246] or any other statute of this state pertaining to his business as a licensee. Any person who violates any provision of said sections or makes any false statement as to the condition of any motor vehicle sold, exchanged, transferred or repaired shall, in addition to suspension or revocation of license, be fined not less than twenty-five dollars nor more than one hundred dollars."

court recites in part "that there was no sufficient basis in the record for the Commissioner's finding that the plaintiff violated . . . [General Statutes §] 14-64." The defendant commissioner assigned error claiming that the court erred in sustaining the plaintiff's appeal and in setting aside the suspension under § 14-64; in concluding that Pidlipchak was aware that he was purchasing a used car; and in concluding that under § 14-64 a misrepresentation pertaining to prior ownership of a vehicle is not a false statement as to "condition" under § 14-64. The basic issue for determination by this court is whether the plaintiff made a false representation as to "condition" in asserting that the vehicle was an "executive demonstrator," when, in fact, it was a used car previously owned by Avis.

Whether Pidlipchak was aware that he was purchasing a used car from the plaintiff has a bearing in this appeal only if the trial court is found to have committed error in concluding that there was no sufficient basis in the record for the commissioner's finding that the plaintiff violated § 14-64. The basic argument advanced by the commissioner is that the trial court restricted the operation of § 14-64 by interpreting the word "condition" to apply to the actual mechanical status of the vehicle, its state of repair or performance, and related items.

Since § 14-64 is penal in nature, the principle of strict construction applies. See *Dental Commission* v. *Tru-Fit Plastics, Inc.,* 159 Conn. 362, 365, 269 A.2d 265; *Mack* v. *Saars,* 150 Conn. 290, 294–95, 188 A.2d 863, and cases cited. The word "condition" as it appears in § 14-64 is to be construed according to the commonly approved usage of the language. General Statutes § 1-1; *Hartford Electric Light Co.* v.

*Water Resources Commission,* 162 Conn. 89, 100, 291 A.2d 721. "[S]tated another way, statutory language is to be given its plain and ordinary meaning." *Klapproth* v. *Turner,* 156 Conn. 276, 280, 240 A.2d 886. "Condition" means "[m]ode or state of being; state or situation; essential quality; property; attribute." Black, Law Dictionary (4th Ed.). Thus, in a strict construction, "condition," as used in § 14-64, cannot be construed to mean a misrepresentation pertaining to prior ownership of a vehicle.

It is significant to note that in the 1973 session of the General Assembly § 14-64 was amended by Public Act No. 73-674 which provides for suspension of a license of a motor vehicle dealer, after notice and hearing and a determination by the commissioner of motor vehicles that the dealer, among other things, "has made a false statement as to the condition, prior ownership or prior use of any motor vehicle sold, exchanged, transferred or repaired." While this legislation cannot benefit the defendant or affect the plaintiff in relation to the application of law to the present case, it is indicative of an understanding by the General Assembly that § 14-64 was limited in its application.

In § 14-64 the word "condition" did not apply to a misrepresentation pertaining to prior use or prior ownership of a vehicle as claimed by the defendant. Rather, it is clear that it must be construed to mean the actual mechanical status of the vehicle, its state of repair or performance, as correctly found by the trial court. Accordingly, the decision reached by the commissioner that § 14-64 was violated is unwarranted in law and the trial court was correct in so finding.

There is no error.

In this opinion HOUSE, C. J., LOISELLE and BOGDANSKI, Js., concurred.

MACDONALD, J. (dissenting). I cannot agree with the opinion of the majority. The difference between prior ownership and use by a motor vehicle rental service and prior ownership and use by a sales executive demonstrating a new model vehicle is too vast to require elaboration or comment. The "mode or state of being," "state or situation" or any other definition of "condition" when applied to a used motor vehicle is so inextricably dependent upon its prior use that it is, in my opinion, wholly unrealistic to hold that misrepresentation as to prior ownership and use should not be construed to mean misrepresentation as to condition, even under the strict construction required of a statute penal in nature.

The 1973 amendment of § 14-64 of the General Statutes provides, inter alia, that a false statement as to prior ownership or use shall be a basis for suspension. It is, as I interpret it, a clarification of the prior statute to alert used motor vehicle dealers to the full meaning of the statute and to what the statute was designed to cover, rather than an indication of an understanding by the legislature that § 14-64 was limited in its application.

The representations in this case with respect to prior ownership were a substantial factor in the sale of the vehicle and a material fact in determining its value. The plaintiff had ample reason to know that such representations were not true. From the foregoing, the commissioner concluded that the plaintiff violated the provisions of § 14-64 in that a

false statement was made to the purchaser concerning the prior ownership and use of the vehicle purchased by him. The conclusion reached by the commissioner must be upheld if it is legally supported by the evidence which was presented before him.

I would find error, set aside the judgment and remand the case with direction to render judgment dismissing the appeal.