656

Speziale, J.  This is an appeal from the judgment rendered on the verdict of a jury finding the defendant guilty on four counts of the crime of forgery in the third degree in violation of General Statutes § 53a-140 and on four counts of the crime of larceny in the third degree in violation of General Statutes § 53a-124.  The defendant had been charged with

* Thus entitled, in view of General Statutes § 54-90.

five counts of larceny in the third degree and five counts of forgery in the third degree arising from the cashing of five forged checks at five stores.

The defendant contends that her right to a fair trial was impaired by certain rulings and actions of the court and that trial counsel made certain errors and omissions which denied her adequate representation within the meaning of the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. The defendant's claim of inadequate assistance of counsel is dispositive of this appeal.

In *State* v. *Clark,* 170 Conn. 273, 283–84, the Supreme Court adopted a new standard to be used in determining whether representation is constitutionally adequate. Under this new standard "defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. The defendant's burden is to show that his counsel's conduct fell below that standard and that the lack of competency contributed to the conviction." *Gentry* v. *Warden,* 167 Conn. 639, 646, quoted with approval in *State* v. *Clark,* supra; see also *State* v. *McClain,* 171 Conn. 293, 301. In making an evaluation of defense counsel's conduct according to the standard enunciated in *Clark,* the issue is "not what counsel should have done to constitute . . . proper representation of the defendant considering the case in retrospect, but rather, whether in the circumstances, as viewed at the time, the defendant received effective assistance of counsel." *State* v. *Ralls,* 167 Conn. 408, 432. In other words, an action which appears erroneous from hindsight would not be constitutionally defective if it would have been taken by a reasonably competent criminal attorney. See *Beasley* v. *United States,* 491 F.2d 687, 696 (6th Cir.).

The errors and omissions claimed by the defendant in her appeal include, inter alia, defense counsel's failure to object to questions regarding similar crimes not shown to be connected with the defendant, his failure to object to questions that referred to prior arrests of the defendant as well as a probation violation, and his failure to make appropriate requests to charge and to except to defects in the charge given to the jury.

There was no objection to questions regarding four checks, which were similar to the ones involved in the present case, that had been cashed in towns other than the town where the alleged offenses had occurred. There was no testimony linking the defendant with those four checks. Evidence of similar but unconnected crimes is not admissible against an accused; *State* v. *Hicks,* 169 Conn. 581, 588; *State* v. *Jenkins,* 158 Conn. 149, 152; unless a relationship between the similar crime and the defendant is established. See *State* v. *Barnes,* 132 Conn. 370, 372. Although the admission of this testimony in and of itself may have been harmless error, the cumulative effect of defense counsel's failure to object at this point and at subsequent points in the proceedings must be considered in evaluating the defendant's contention that she received inadequate representation.

Upon cross-examination of the defendant the prosecuting attorney questioned her regarding certain arrests that did not result in convictions and about a certain violation of probation. It is firmly established that evidence of an arrest without a conviction is not admissible to attack the credibility of a witness. *State* v. *Moynahan,* 164 Conn. 560, 600; *Hayward* v. *Maroney,* 86 Conn. 261, 262. A violation of probation is not a crime which could be introduced to impeach a witness. See *Heating*

*Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472. The testimony that the defendant was arrested on charges that did not result in a conviction and for a violation of probation was harmful to the defendant, particularly because there was no limiting instruction given to the jury to disregard the testimony. The jury may have considered the testimony in weighing the defendant's credibility and may also have considered it as evidence indicating bad character, although the state had no right to offer any character evidence. See *State* v. *Nussenholtz,* 76 Conn. 92, 94. Reasonably competent defense counsel should have objected to the admission of that testimony. Moreover, as the defendant also argues, a request to charge should have been made by defense counsel to have the jury disregard that testimony when weighing the defendant's credibility.

Additionally, the defendant claims that defense counsel should have requested that the jury be instructed to ignore evidence of the defendant's drug addiction when weighing the defendant's credibility. It is an established rule that acts of misconduct which do not show a lack of veracity are not admissible to impeach credibility. *Vogel* v. *Sylvester,* 148 Conn. 666, 676; *Shailer* v. *Bullock,* 78 Conn. 65, 69–70. If that rule is applied to this case, unless the defendant's drug addiction was shown to have affected the veracity of her testimony, which was not shown, the jury should have been instructed to disregard the evidence of the defendant's drug addiction in weighing her credibility. 2 Wharton, Criminal Evidence (13th Ed.) § 459. Defense counsel not only failed to request an instruction on that point, but he also failed to except to the improper instruction by the court that the jurors could "take into consideration [the defendant's] previous condition as far as the

weight you want to give her testimony." The words "previous condition" were an obvious reference to the defendant's drug addiction.

Finally, the defendant argues that defense counsel failed to except to certain misleading statements in the court's charge to the jury. The court made statements which implied that there was no factual dispute that the defendant had cashed the checks involved in this case.[1] A review of the record, however, reveals that the defendant denied cashing the checks.

The state had the burden of establishing each essential element of the crimes with which the defendant was charged. *State* v. *Brown,* 163 Conn. 52, 64. One of the essential elements of larceny is the wrongful taking and carrying away of the personal property of another. *State* v. *Raffone,* 161 Conn. 117, 127–28; *State* v. *Banet,* 140 Conn. 118, 122. An essential element of forgery in the third degree is issuing or possessing the instrument. General Statutes § 53a-140. To establish either of those essential elements in this case, the state had to prove that the defendant was the person who cashed the checks. As printed in the footnote, the court in its charge on two occasions stated that the defendant had cashed the checks. Considering the court's charge as a whole, there was a reasonable probability that the jurors were misled by the court's statements and, therefore, that they failed to consider the disputed issue of whether the defendant had cashed the checks. Had counsel properly

---

[1] Among the statements made by the court in its charge to the jury were the following:

"Did the defendant know that these were forged instruments at the time she cashed them?"

"So you will have to draw an inference of intent from all the circumstances surrounding the conduct of the accused . . . at the four times or five times that she cashed checks. . . ."

excepted to the charge, those statements would have amounted to reversible error. *State* v. *Rose,* 169 Conn. 683, 688; *State* v. *Ralls,* 167 Conn. 408, 422.

For the reasons previously set forth, it is readily apparent that defense counsel's conduct fell below the standard adopted in *State* v. *Clark,* 170 Conn. 273, 283, i.e., that it was not within the range of competence displayed by lawyers with ordinary skill and training in the criminal law. The cumulative effect of the errors and omissions raised by the defendant in her appeal amounted to a denial of effective assistance of counsel. Accordingly, a new trial is required.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion PARSKEY and SPONZO, Js., concurred.