[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the action of CT Page 1420-CC Nicholas Cioffi (Cioffi), the Commissioner of Public Safety, upholding the revocation-of James Spino's (Spino) permit to carry a pistol or revolver.
Cioffi acted through the Board of Firearms Permit Examiners (Board) which held a hearing and determined that Spino had been arrested for possession of marijuana with intent to sell when he was found with marijuana in August 1994, had been thereafter convicted of possession of marijuana, and had failed to list arrests for tampering with a motor vehicle and a hunting violation before his license was issued in 1991.
Spino correctly points out that he was not convicted of possession of marijuana. In that respect the conclusion of the Board was erroneous and was not supported by the evidence.
Spino challenges the admissibility of a police officer's testimony before the Board that a large number of handguns and three one ounce packages of marijuana were found in Spino's possession in 1994 as a basis to revoke his permit. He claims the erasure statute, § 154-142a of the General Statutes, barred the officer's testimony. Apart from the absence of evidence of such an erasure before the Board, Rado v. Board of Education,216 Conn. 541 (1990) would allow such testimony. Spino admitted at the hearing, through counsel, that such evidence could be a basis to find he was not a suitable person to obtain such a permit. The court would also find such circumstances would reasonably support a finding of unsuitability. Smith's appeal,65 Conn. 135; Storace v. Mariano, 35 Conn. Sup. 28 (1978).
It is true the Board erroneously found the Spino had been convicted of possession of marijuana. This finding being vacated, however, does not destroy the validity of the finding of unsuitability. Lawrance v. Koslowski, 171 Conn. 705 (1926).Thorsen v. Board of Firearms Permit Examiners, No. N.H. #950369628 (January 4, 1996) Hodgsen, J.
The Board also relied on Spino's failure to list arrests in 1978 and 1988 as grounds. Although Spino claimed he forgot these incidents, there was evidence before the Board upon which the board could find his failure reasonably could reflect adversely upon his suitability to retain a permit to carry handguns. See Fitzpatrick v. Commissioner of Motor Vehicles,165 Conn. 416 (1973). CT Page 1420-DD
In reviewing the actions of the Board, this court is required to uphold its actions if there was a reasonable basis for them. Connecticut Light Power v. DPUC, 219 Conn. 51
(1991)
Accordingly, the appeal is dismissed.
McDONALD, J.