HENRY K. KNOTWELL *vs.* CALVIN BLANCHARD.

Where sundry notes of like character were obtained of different persons by a series of fraudulent acts, the whole being done under a conspiracy to defraud, held that, for the purpose of proving the fraud as to one of the notes, evidence was admissible of the fraudulent proceeding with regard to the others.

And held to be admissible against a party who had purchased the note with knowledge of the fraud, in the same manner that it would have been against the conspirators themselves.

ASSUMPSIT on a promissory note ; brought to the Court of Common Pleas of New Haven County, and tried to the jury on the general issue with notice, before *Briscoe, J.*

The defence was that the note in question had been obtained of the defendant by fraud by one Ira Brown, in connection with the sale of a patent right, and had been purchased by the plaintiff with full knowledge of the fraud.

Upon the trial the defendant offered evidence to prove that the note in suit was one of a batch of twenty-eight notes, each for the sum of $200, and each bearing date about the same time, and purporting to be endorsed by Ira Brown, without recourse, which were purchased by the plaintiff at one time of a stranger calling himself Peter Low, on the 19th of October, 1870, for an entire consideration amounting to forty per cent. of the face of the notes, and that the notes were obtained pursuant to a conspiracy to defraud, and that the plaintiff had knowledge that the notes were obtained by fraud, and also had knowledge of the conspiracy before purchasing the notes.

The plaintiff denied that the note was obtained by fraud, and claimed that he took it in good faith and in the usual course of business.

The defendant, in order to prove the intent which characterized the transaction between the defendant and Brown, offered evidence to prove, in connection with evidence tending to show that the plaintiff had knowledge of the conspiracy, that frauds of exactly the same character were committed upon other persons living in neighboring towns at about the same time, in pursuance of a conspiracy between Brown and other persons to defraud the plaintiff and other people of this state, and that in all such cases notes payable to the order of Brown appeared within a few days thereafter in the hands of the plaintiff against each of the persons upon whom the frauds were committed, the notes being a part of the batch alleged to have been purchased by the plaintiff.

To this evidence the plaintiff objected as irrelevant and inadmissible but the court overruled the objection and admitted it.

The jury having returned a verdict for the defendant, the plaintiff moved for a new trial for error in the admission of this evidence.

*Wright* and *H. L. Harrison*, in support of the motion.

1. This case is clearly distinguishable from that of *Hoxie* v. *The Home Ins. Co.*, 32 Conn., 21. In that case the plaintiff was claimed to be one of the conspirators; in this, it is only claimed that the plaintiff had *knowledge* of the conspiracy, but was not a party to it.

2. But if this case is not thus distinguishable from *Hoxie* v. *The Home Ins. Co.*, that case has been materially modified by a more recent decision. *Edwards* v. *Warner*, 35 Conn., 517. The law, as modified by the latter case is, in substance, that where the plaintiff, *as a co-conspirator*, has perpetrated upon others frauds similar to the one claimed to have been perpetrated upon the defendant, such frauds upon others may be shown, as affording an inference that the particular subject matter was part of the same conspiracy. But this is not such a case. Here the plaintiff is not claimed to be a *co-conspirator*, and a *co-actor*, but merely a person having *knowledge* that a conspiracy existed in which he did not participate.

*Mitchell* and *T. H. Russell*, contra.

PARK, C. J. We are unable to distinguish the question made in this case from that made and decided in the recent case of *Hoxie* v. *The Home Ins. Co.*, 32 Conn., 21; which decision was reviewed and approved by this court in the more recent case of *Edwards* v. *Warner*, 35 Conn., 517. The opinion of the court in both of these cases is adverse to the claim of the plaintiff in the case at bar. The plaintiff attempts to distinguish this case from that of *Hoxie* v. *The Home Ins. Co.* by the fact that in that case the plaintiff was a co-conspirator, while here the plaintiff was merely the purchaser of the note in suit after it had been issued. But evidence of the conspiracy in that case was offered for the purpose of showing fraud in the case then before the court, which was one of the cases embraced by the conspiracy. The evidence was offered for a similar purpose in the present case, in connection with evidence tending to show that the plaintiff at the time he purchased the note knew of the conspiracy, and that the note in suit was made under it. If so, he took the note subject to all the infirmities it would have had in the hands of a co-conspirator. We think therefore that the distinction made between the cases does not affect the question.

The cases referred to are so recent, that we deem it unnecessary to review them, or offer any considerations in their support. Suffice it to say that in cases of conspiracy to defraud, embracing a number of similar cases in which there is one common design, one intent and purpose, one object to be accomplished in carrying out the conspiracy, the proceedings of the conspirators may be regarded as one continuous act. In such cases each part has an important relation to the whole and may throw light upon the entire transaction. There is a difficulty in carrying the principle further than cases of conspiracy and applying it to the case of an individual who should form a design by some fraudulent operation to cheat a number of persons successively. The difficulty of proving that the party had such design—that he had

one object to accomplish by all the frauds, may be the reason why the principle is not extended to such cases. But this furnishes no reason why it should not apply to cases of conspiracy, when there are two or more actors in the same transaction and consequently their common design can be more easily proved.

We do not advise a new trial.

In this opinion the other judges concurred.