ROSENA EDITH WILLIAMS *vs.* MAX MAISLEN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

434

Argued February 8th—decided March 21st, 1933.

*Isaac Nassau,* for the appellants (defendants).

*Aaron J. Palmer,* with whom was *Donald Ruffkess,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought her action in two counts against the defendants, Maislen, Hoffson and Bonasso. The first count alleged fraudulent representations; the second, a conspiracy. The jury returned a verdict against all three defendants on both counts which the court, on motion, set aside as to defendant Hoffson on the first count; and, thereafter, judgment was entered, and the defendants appealed. At the trial before the jury, the plaintiff offered evidence to prove, and claimed to have proved, that shortly before January 7th, 1930, she owned three lots in Bloomfield. As the result of a newspaper advertisement, she called at the office of the defendant Maislen, who told her that he knew a man, Bonasso, who would buy the lots.

Several days later, the defendant Bonasso came to her home, and the next day went with her to see the lots. Thereafter, they returned to Maislen's office where they found him and the defendant Hoffson. Maislen, Bonasso and the plaintiff discussed the terms of sale in Hoffson's presence, until an agreement was reached, and an appointment made to execute a deed the next day. Later, on the same day, Maislen and Hoffson went to the office of an attorney in Hartford, and instructed him to draw up a warranty deed and note for the unpaid balance. The next day, January 7th, Bonasso took the plaintiff to the attorney's office, where she executed a deed to the lots to Bonasso for $50 in cash and an unsecured note for $450. The lots then had a value of $500. The plaintiff was induced to execute the deed in reliance on Maislen's representation that Bonasso had a position at the Hotel Bond and was a wealthy man. These representations were false and fraudulent, and were made with the intent to induce the plaintiff to sell her lots to Bonasso for his unsecured note, and the plaintiff was deceived and defrauded thereby. A week later, Bonasso exchanged the lots with Louis Kupperstein for property on Euclid Avenue, and immediately afterward gave Hoffson a mortgage on that property. Six months later, when the note was not paid at maturity, the plaintiff went to Maislen, who advised her to attach the Euclid Avenue property, and she did so. This property was heavily encumbered at that time and the plaintiff's attachment was extinguished by the foreclosure of a mortgage held by The Maison Company, a corporation owned and controlled by Hoffson and his wife, who was Maislen's sister. All these acts were done as a result of a deliberate plan and conspiracy between Bonasso, Maislen and Hoffson to cheat and deceive the plaintiff and deprive her of her property fraudu-

lently; and the plaintiff was deceived and fraudulently deprived of her property as the result thereof.

The defendants offered evidence to prove, and claimed to have proved, that, at the time of this transaction, Bonasso was a man of good financial standing and credit; that he had bought and sold real estate through Maislen and had visited his office many times. In January, 1930, he met the plaintiff at Maislen's office and was told by her that she had lots for sale. He visited the lots with her and after some negotiation they agreed on terms. He instructed an attorney to prepare a deed and note, and the transaction was consummated at the attorney's office January 7th, 1930. Bonasso intended to pay the note, and still intends to do so. Neither Maislen nor Bonasso made any statements to the plaintiff to the effect that Bonasso was employed at the Hotel Bond. Maislen's only interest in the purchase of the lots was that of broker.

On this appeal, the defendants claim error: (1) in the finding; (2) in the charge; (3) in rulings on evidence; and (4) in various other rulings at the trial. In their brief, however, emphasis is placed upon claimed errors in the charge and in the admission of evidence; and these are the only reasons of appeal which will require discussion. Upon this subject, the first claim of the appellants is that the court did not adequately instruct the jury upon the issue of fraudulent representation involved in the first count of the complaint. No requests for instructions to the jury were filed by either party. The court, however, called the attention of the jury to the allegations in the complaint and to the testimony, and correctly instructed them as to all the elements necessary to enable the plaintiff to recover in an action for fraudulent representations; and further informed them that all these elements must be proved, and the absence of proof as

to any element would be fatal to recovery; that the burden of proof is upon the plaintiff to show all of them; and that fraud is never to be presumed but must be proved. Considering the charge as a whole, we think it was adequate for the guidance of the jury upon the issues raised on the first count of the complaint.

The appellants further claim that the charge of the court upon the subject of conspiracy was incorrect. The court defined conspiracy as a combination between two or more persons to do a criminal and unlawful act or a lawful act by criminal means against another person or persons; and that a civil action for conspiracy rests upon something actually done by one or more persons, or defendants, pursuant to the scheme and in furtherance of the object, which act results in damage to the plaintiff. The requisites of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff. 12 C. J. 540, 581; *Santoro* v. *Mack,* 108 Conn. 683, 693, 145 Atl. 273; *Brown* v. *Jacobs Pharmacy Co.,* 115 Ga. 429, 41 S. E. 553, 554, 558; *Ross* v. *Cleveland & Aurora Mineral Land Co.,* 162 Mo. 317, 62 S. W. 984, 987.

In discussing the subject, the court explained to the jury that where three persons are charged with conspiracy, the jury might find that only two participated, and were liable therefor; that if only one schemed and did acts in furtherance thereof, it would not be a conspiracy and an action of conspiracy would not lie, but liability might be found against that one on the first count of the complaint on the ground of fraudulent representation; and that, if the conspiracy

was proved, one party might have one function and one another in carrying it out; but in order to justify a verdict under the count alleging conspiracy against any party, it would be necessary to find that that party was actuated in what he did by the same fraudulent intent, and that he had substantially the same knowledge of the fraudulent means and purposes as the other participants. The instruction of the court was adequate for the guidance of the jury upon the issue.

The plaintiff called as a witness Anna E. Crowley, who testified that about February 10th, 1930, she was defrauded of three lots in Wethersfield by Maislen, Hoffson, Bonasso and Louis Kupperstein. Another witness called by the plaintiff, Charles J. Powers, testified that about October 31st, 1930, he was defrauded of land in Rocky Hill by Maislen, Hoffson and Bonasso. A third witness, Lillian Redmer, testified that January 14th, 1931, she was defrauded of two lots in Hartford by Hoffson, Maislen and Bonasso. The evidence of these other transactions was objected to, and admitted over the objection of the defendants. It is to be noted that these transactions were closely related to the case on trial in point of time. They showed a substantial similarity in respect to the method of contacting the prospective seller; of proposing or procuring a customer for the property sought to be sold; of falsely and fraudulently representing to the prospective seller the financial responsibility of the proposed buyer; of paying for the property purchased by a very small sum in cash and unsecured notes for the balance; and the reassuring of the complaining holders of the worthless notes by arranging for them real-estate security which ultimately proved worthless. This evidence was clearly admissible upon the issue of conspiracy raised on the second count of the complaint. *Gardner* v. *Preston*, 2 Day, 205; *Edwards* v. *Warner*,

35 Conn. 517, 519; *Knotwell* v. *Blanchard,* 41 Conn. 614, 616; *McLaughlin* v. *Thomas,* 86 Conn. 252, 259, 85 Atl. 370; *Davis* v. *Maislen,* 116 Conn. 375, 165 Atl. 451. "Whenever a conspiracy is alleged as the means of effecting a fraudulent purchase of goods, it is the constant practice of courts to receive, as evidence of the character of the act, like fraudulent acts between the same conspirators, at or about the same time and of the same nature, in furtherance of the fraudulent design." *Luckey* v. *Roberts,* 25 Conn. 486, 492. In order to be admissible, it is not necessary that the various frauds be similar in each detail to the fraud practiced on the plaintiff; or that each defendant play the same part in each fraud that he played on the plaintiff; or that only the defendants participate in the like frauds. To render it admissible as evidence against those participating therein, it is sufficient if a method and scheme of the same character and nature was used in the other transaction as was used in that practiced on the plaintiff. *Davis* v. *Maislen,* 116 Conn. 375, 165 Atl. 451. Further, the court in its instructions to the jury informed them that the testimony as to those other persons who had dealt with the defendants, Maislen, Hoffson and Bonasso, was brought into the case, not as direct evidence bearing upon the liability of those persons to the plaintiff, but only for the purpose of aiding the jury to a decision upon the question of conspiracy; and that the jury were to keep this distinction clearly in mind. The court did not err in admitting the evidence of these witnesses.

Such other errors as are claimed in the proceedings of the court are not of sufficient consequence to require discussion.

There is no error.

In this opinion the other judges concurred.