[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #109
The plaintiff, R R Pool Home, Inc. brings this action to obtain equitable relief and to recover money damages from the defendants, Stephen Ehrens ("Ehrens") and Leisure Unlimited ("Leisure"). In an amended complaint filed on July 24, 1992, the plaintiff alleges that Ehrens wrote a defamatory letter to the Department of Consumer Affairs, accusing the plaintiff of placing false and misleading advertisements.
In the first count of the amended complaint, the plaintiff claims that the defendants' conduct violated the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. ("CUTPA"). In the second count, the plaintiff asserts a libel claim against the defendants. In the third count, the plaintiff asserts a libel per se claim against the defendants. In the fourth count, the plaintiff alleges that the defendants conspired with "manufacturers and distributors" in violation of the Connecticut Antitrust Act, General Statutes 35-24 through35-35, and the Sherman Antitrust Act, 15 U.S.C. § 1 and 2.
On September 28, 1992, the defendants filed a motion to strike the plaintiff's amended complaint. The plaintiff filed a memorandum of law in opposition on October 19, 1992.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138, 143, 561 A.2d 432 (1989). A motion to CT Page 3211 strike admits all facts well-pleaded; Mingachos v. CBS, Inc.,195 Conn. 91, 108, 491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 522 A.2d 1235 (1987). In determining whether a motion to strike should be granted, the question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985).
The plaintiff raises an objection to the form of the defendants' motion. While the defendants' motion is not in proper form (defendants' motion does not state the reasons for the claimed insufficiencies), the court will rule on the merits of the motion, as ample substantive grounds exist for purposes of denying the defendants' motion.
The defendants' move to strike the plaintiff's entire complaint on the grounds that the plaintiff seeks both money damages and equitable relief for each cause of action.
In paragraph 20 of the first count, the plaintiff alleges that he sustained a "substantial ascertainable loss of money." In paragraph 22, the plaintiff alleges that he has "no full and adequate remedy at law." These paragraphs are incorporated into the second and third counts of the amended complaint. The plaintiff also seeks money damages and equitable relief based on the fourth count of the amended complaint. The defendants seek to strike the entire amended complaint because these paragraphs are inconsistent.
"In any civil action, the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies. . . ." Practice Book 133. See also, A M Realty v. Dahms, 217 Conn. 95,584 A.2d 466 (1991). "The plaintiff may claim alternative relief, based upon an alternative construction of his cause of action." Practice Book 137. Absent a showing of prejudice to the defendants, there is no general prohibition against inconsistent pleadings. Hanover Insurance Co. v. Fireman's Fund Insurance Co., 217 Conn. 340, 346, 586 A.2d 567 (1991).
The plaintiff may seek both legal and equitable relief based on each cause of action. The plaintiff's claims for legal and equitable relief are properly stated in the prayer for relief. The fact that these claims for relief are stated in CT Page 3212 paragraphs 20 and 22 of each count is insignificant, as these paragraphs constitute extraneous pleadings which do not affect the legal sufficiency of the underlying causes of action. Therefore, the defendants' motion to strike the plaintiff's entire amended complaint is denied.
The defendants move to strike the fourth count, which alleges that the defendants and "manufacturers and distributors" engaged in a conspiracy in violation of federal and state antitrust laws, on the grounds that the plaintiff failed to "identify with sufficient specificity the members" of the alleged conspiracy.
"The requisites of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do . . . an unlawful act . . ., (3) an act done by one or more of the conspirators . . ., (4) which act results in damage to the plaintiff." (Citations omitted.) Williams v. Maislen,116 Conn. 433, 437, 165 A. 211 (1933).
Upon reading the fourth count in the light most favorable to the pleader, the plaintiff has pled all of the elements necessary to state a legally sufficient conspiracy claim, as the plaintiff alleges that the defendants acted in concert with "manufacturers and distributors." The plaintiff's failure to specifically identify the co-conspirators does not render the fourth count legally insufficient, as identifying co-conspirators with specificity is not an element of a cause of action for conspiracy. (The specific identities of the co-conspirators can be ascertained by way of pre-trial discovery). Thus, the defendants' alternate argument cannot serve as grounds for striking the fourth count of the plaintiff's amended complaint.
Defendants' Motion to Strike is denied.
BALLEN, J. CT Page 3213