[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On February 23, 1994, the plaintiffs, S. John Malinowski, a stockholder of named defendant Bio-Gen Torrington, Inc. [Bio-Gen], and S. John Malinowski, P.C., a creditor of Bio-Gen, filed a fifteen count second revised complaint against the defendants, Bio-Gen, Bio-Gen, Inc. [BGI], Bio-Gen Torrington, L.P. [the Partnership], CCF-6, Inc. [CCF-6], William R. Breetz, R. Bruce Fitzgerald, Aaron Sampson, Anthony Cannavo, Starling W. Childs, David Erdahl, Kenetech Energy Systems, Inc. [Kenetech] and Flagg Energy Development Corp. [Flagg]. In the second revised complaint, the plaintiffs allege the following facts. CT Page 8250
Bio-Gen and Sampson were partners in the Partnership with CCF-6, which is a wholly-owned subsidiary of Flagg, which is a wholly-owned subsidiary of Kenetech. The Partnership was formed to develop, own and operate a waste wood fired electric power plant.
The Partnership entered into an agreement with the Connecticut Light Power Company [CL P] for the sale to CL P of the electricity generated by the project. Pursuant to Public Act 92-13, the Partnership agreed with CL P to rescind the contract in return for the payment of $6,947,091 by CL P to the Partnership. The expenses generated by the Partnership were initially to be paid by CCF-6, Flagg or Kenetech on its behalf, and the income from the Partnership was to be split equally between CCF-6 and Bio-Gen.
In a "Division Letter," all of the defendants agreed to give CCF-6 $6,070,091 of the funds received from CL P, and give Bio-Gen the principal sum of $877,000. Such division was not made pursuant to any legitimate agreement previously made between Bio-Gen and CCF-6, or pursuant to any agreement of Bio-Gen that had been authorized by proper action of Bio-Gen. Bio-Gen, BGI, the Partnership, Breetz, Fitzgerald, Kenetech, Flagg, CCF-6 and Sampson acted in concert to reduce the amount paid to Bio-Gen below the amount which should have been paid to it. An agreement to pay CCF-6 more than its agreed partnership share of the funds received from CL P damaged Malinowski, as a stockholder in Bio-Gen, in that Bio-Gen received less money and there would therefore be less money to be shared among Bio-Gen's stockholders, including Malinowski.
In the second revised complaint, the plaintiffs seek an accounting of funds received from CL P and damages for inter alia, breach of contract for accounting services rendered to the defendants by Malinowski, P.C., fraud, violations of CUTPA, wasting of corporate assets, infliction of emotional distress, conflicts of interest of officers, violations of General Statutes §§ 33-334 and 33-359, conspiracy and failure to deal fairly and in good faith with stockholders.
On March 14, 1994, defendants Kenetech, CCF-6 and Flagg [moving defendants] filed a motion to strike count twelve of the second revised complaint, accompanied by a memorandum of CT Page 8251 law, on the ground that the plaintiffs failed to allege that the moving defendants conspired to commit a criminal or unlawful act or to commit a lawful act by criminal or unlawful means, an essential element of the cause of action for civil conspiracy alleged in count twelve. On March 17, 1994, the plaintiffs filed a memorandum in opposition to the moving defendants' motion to strike.
A motion to strike challenges the legal sufficiency of a complaint, or anyone or more counts thereof, to state a claim upon which relief can be granted. Practice Book § 152(1). A motion to strike admits all facts well pleaded; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108, 401 A.2d 368 (1985).
In ruling upon a motion to strike, the court may consider only those grounds raised in the motion. Blancato v.Feldspar, 203 Conn. 34, 44, 522 A.2d 1235 (1987). The court is limited to the facts alleged in the pleading that is the subject of the motion to strike. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, supra,212 Conn. 146.
Count twelve of the second revised complaint is directed against Kenetech, Flagg, CCF-6 and the Partnership. In count twelve, in addition to the factual allegations described above, the plaintiffs allege the following. Defendant Breetz, who is general counsel, agent for service of process, and an officer, director and stockholder of Bio-Gen, acted as a lawyer for Bio-Gen and BGI, and drafted the Division Letter, purportedly on behalf of Bio-Gen. Breetz has, or he or his firm may at this time, be acting as legal counsel, or receiving remuneration or other benefits from, Kenetech, Flagg, CCF-6 or the Partnership. Kenetech, Flagg and CCF-6 knew of the conflict of interest involving Breetz and knew that there had been no waiver of such conflict by Bio-Gen or its stockholders. Kenetech, Flagg and CCF-6 encouraged Breetz to draft the Division Letter and appear to represent the interests of Bio-Gen, even though they were aware that it was a breach of Breetz's fiduciary duty to his client or former client, Bio-Gen. The plaintiffs further allege: CT Page 8252
 23. [Breetz,] in negotiating and drafting the Division Letter, when determining the amount each was to receive, favored his present and potential future client over a client which was going to be dissolving and would no longer require his services.
 24. Defendants Kenetech, Flagg and CCF-6 thereby acted in concert with each other and with Defendants Bio-Gen, BGI, the Partnership, Breetz, Fitzgerald and Samson [sic] to reduce the amount which was paid to Defendant Bio-Gen below the amount which, according to prior agreement, should have been paid to it.
 25. An agreement to pay the Defendant CCF-6 more of its agreed partnership share of the funds received from CLP would damage Plaintiff Malinowski, as a Stockholder in Bio-Gen, in that Defendant Bio-Gen would receive less money, and there would therefore be less money available to be shared among the Stockholders of Bio-Gen, thereby reducing the amount to be paid to each Stockholder, including Plaintiff Malinowski.
(Second Revised Complaint, Count Twelve, para. 23-25).
"The contours of `a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff.'"Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964 (1993), quoting Williams v. Maislin, 116 Conn. 433, 437, 165 A. 455
(1933). "`[T]here is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself.'" Marshak v. Marshak, supra, 669, quotingCole v. Associated Construction Co., 141 Conn. 49, 54,103 A.2d 529 (1954). "That the plaintiff has made an `allegation as to conspiracy brings no strength to the declaration, for it shows no additional cause of action.'" Marshak v. Marshak, supra, 669, quoting Cole v. Associated Construction Co., CT Page 8253 supra, 54.
The moving defendants claim that the plaintiffs fail to allege in count twelve that they committed any criminal or unlawful act or that they sought to achieve a lawful objective by unlawful means. The moving defendants assert that in count twelve, the plaintiffs allege that they were aware that Breetz had a conflict of interest while drafting the Division Letter on behalf of Bio-Gen and that Breetz favored them in negotiating the division of the CL P buyout, thereby breaching his fiduciary duties to Bio-Gen. The moving defendants assert that the claims set forth in count twelve may constitute a breach of a private duty owed by Breetz to Bio-Gen, but breach of a private duty by another does not satisfy the requirement that Kenetech, Flagg or CCF-6 must have conspired to commit a criminal or unlawful act, or to commit a lawful act by criminal or unlawful means, in order to be liable for a civil conspiracy.
In opposition to the moving defendants' motion, the plaintiffs argue that to favor the moving defendants by giving them more money than they should have received, reducing the amount given to Bio-Gen, is larceny, through embezzlement, by obtaining money through false pretenses, or by other means, as set forth in General Statutes § 53a-119. The plaintiffs also quote General Statutes § 53a-8(a), entitled "Criminal liability for acts of another":
 A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender.
The plaintiffs further assert that the conduct of the moving defendants may also be chargeable under the Corrupt Organizations and Racketeering Activity Act, General Statutes § 53-393.
In count twelve, as described above, the plaintiffs allege that the moving defendants "encouraged" Breetz to breach his fiduciary duty to Bio-Gen, and that they acted in concert to reduce the amount paid to Bio-Gen, which, CT Page 8254 "according to prior agreement," should have been paid to it. These allegations, viewed in the light most favorable to the plaintiffs, do not constitute allegations of a combination to do a criminal or unlawful act or a lawful act by criminal or unlawful means. The plaintiffs have not alleged that the "prior agreement" mentioned in paragraph 24 is a valid contract, nor have they alleged any breach of this alleged "prior agreement" by either Breetz or the moving defendants. The plaintiffs do not allege how the reduction of the amount paid to Bio-Gen is unlawful or criminal. The allegation that the moving defendants reduced the amount to be paid to Bio-Gen, standing alone, does not constitute, or imply the commitment of, an unlawful or criminal act. From these factual allegations one could not infer that the conduct alleged constitutes the criminal or unlawful acts suggested by the plaintiffs in their memorandum, such as larceny or racketeering, or that such alleged conduct would support a finding of criminal liability for another's acts under § 53a-8.
Accordingly, the plaintiffs have failed to allege sufficient facts to support a civil action for conspiracy, in that the plaintiffs have failed to allege facts showing that the moving defendants combined to do a criminal or unlawful act or a lawful act by criminal or unlawful means. Therefore, the moving defendants' motion to strike count twelve is granted.
Mary R. Hennessey, Judge