[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants move to strike (1) the plaintiffs' conspiracy claim on the ground the plaintiffs have failed to allege the elements of a civil action for conspiracy and (1) the plaintiffs' prayer for injunctive relief on the ground the plaintiffs have an adequate remedy at law. For the reasons stated below, the motion to strike is denied.
The twelve plaintiffs are owners of condominium units at Breakwater Key in Stratford. They have sued the managers of the condominium complex. The second count of the plaintiffs' complaint is the subject of the first prong of the motion to strike. In the second count, the plaintiffs allege the defendants "conspired to deprive the plaintiffs and other unit owners of their property rights as unit owners of Breakwater Key condominium and thus to commit larceny as defined by C.G.S. Secs. 53a-118; 53a-119." They allege five ways in which the defendants conspired. The second prong of the motion to strike relates to the fifth count. In the fifth count, the plaintiffs allege that the contracts among the defendants are unconscionable and therefore subject to the remedies provided by General Statutes § 47-210. In the prayer for relief which corresponds to the fifth count, the plaintiffs seek an injunction forbidding the defendants from managing the condominium complex.
The defendants state in their motion to strike (1) that the second count is legally insufficient because the plaintiffs fail "to allege the commission of a cognizable illegal act or legal act by illegal means." and (2) that "paragraph 4 of the prayer for relief as to the Fifth Count. . ." is legally insufficient because "an adequate remedy at law is available. . . ." In their memorandum filed in support of the motion to strike, the defendants also attack the eighth count on the ground it fails to state a claim under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et. seq. Since this latter claim was not asserted in the motion to strike, it will not be considered by this court.
"The purpose of a motion to strike is to contest . . . the legal CT Page 3271 sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the fact provable under its allegations would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). The court does not accept legal conclusions or opinions in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 (1992).
The issue with respect to the second count is whether the plaintiffs have alleged sufficient facts to support a civil action for conspiracy. "The contours of `a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff.' Williams v. Maislen,116 Conn. 433, 437, 165 A. 455 (1933)." Marshak v. Marshak,226 Conn. 652, 665, 628 A.2d 964 (1993). The essential question is whether the plaintiffs have alleged that the defendants conspired to do an act which is criminal or unlawful, or a lawful act by criminal or unlawful means. Jones v. O'Connell, 189 Conn. 648, 662,458 A.2d 355 (1983).
The plaintiffs contend that the defendants conspired to commit larceny as defined by General Statutes § 53a-119, by their agreeing to deprive the plaintiffs of property rights secured by the Common Interest Ownership Act, General Statutes § 47-200 et. seq. The plaintiffs allege, among other things, that the defendants "knowing that the period of declarant control had terminated in accordance with C.G.S. Sec. 47-245(d)(1) . . . allowed the declarant to refrain from compliance with the turnover requirements and reports pursuant to C.G.S. Sec. 47-245(h)." The latter statutory section sets forth a time by which the declarant is to deliver to the unit owners' association all property of the unit owners and of the association held by or controlled by the declarant. The property rights of which the plaintiffs claim they were deprived come within the definition of property as that term is defined and used in the CT Page 3272 Penal Code. See General Statutes § 53a-118(a)(1). The plaintiffs have therefore alleged a criminal or tortious act.
The defendants claim that a prayer for injunctive relief is precluded by the Common Interest Ownership Act because the act provides what the defendants contend are adequate remedies at law. Injunctive relief is, however, authorized by the act. Section 42-110 provides, in part, that should the court find "that a contract or contract clause was unconscionable at the time the contract was made. . ." the court "may refuse to enforce the contract, enforce the remainder of the contract without the unconscionable clause, or limit the application of any unconscionable clause in order to avoid an unconscionable result." This provision on remedies provides for equitable relief which could, if the circumstances warrant, involve the issuance of an injunction. Since the plaintiffs request relief under § 47-210, their prayer for injunctive relief is appropriately plead.
The motion to strike is denied.
THIM, JUDGE