[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED OCTOBER 28, 1996
FACTS
The plaintiffs, Toby DeMicco and Cecelia DeMicco, filed a twenty count revised complaint on March 21, 1996, relating to the design and construction of their new residence on Lot #4, Farwell Lane, Greenwich, Connecticut. The revised complaint alleges that on or about October 3, 1990, the plaintiffs entered into a contract with the defendant, William Milo Barnum Associates, Inc. (hereinafter referred to as "William Milo Barnum"), for William Milo Barnum's design preparation of plans and specifications, production of working drawings, preparation of contract for construction, supervision and job administration for their new residence. Plaintiffs also allege that, as the architect for the CT Page 8781 construction, William Milo Barnum was obligated to assist them in awarding contracts for construction. The revised complaint also names as defendants Franco Brothers, Inc., the general contractor for the project, and Greenwich Roofing and Sheet Metal Works, Inc., the roofing subcontractor for the project.
The plaintiffs' claims against William Milo Barnum are in eight counts: (1) breach of contract, First Count; (2) breach of express warranty provided under General Statutes § 47-117, Second Count: (3) breach of implied warranties provided under General Statutes §§ 47-118 through 47-121, Third Count; (4) negligence, Fourth Count; (5) fraudulent misrepresentation, Fifth Count; (6) fraudulent nondisclosure, Sixth Count; (7) unfair trade practices, Seventh Count; and (8) civil conspiracy. Twentieth Count. William Milo Barnum filed a motion to strike the Second, Third, Sixth, Seventh and Twentieth Counts of the plaintiffs' revised complaint. The plaintiffs filed a memorandum in opposition on July 31, 1996.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
Second and Third Counts
William Milo Barnum claims that the Second and Third Count of the plaintiffs' revised complaint should be stricken because the provisions of General Statutes §§ 47-117 and 47-118 et seq. do not apply to architectural/design professionals. Specifically, William Milo Barnum claims that it does not fall under the definition of "vendor" in General Statutes § 47-116. "Vendor" is defined as "any person engaged in the business of erecting or creating an improvement on real estate . . ." General Statutes § 47-116. The court disagrees that architectural/design professionals cannot be considered a "vendor" under said statute. The plaintiffs' revised complaint alleges that the scope of the CT Page 8782 plaintiffs' contract with William Milo Barnum went far beyond just the design of the new residence. The revised complaint alleges that the duties assumed by William Milo Barnum under said contract included supervision of the construction "for the purpose of assuring the progress and quality of" said construction. The plaintiffs' allegations in the revised complaint are legally sufficient to sustain a claim that William Milo Barnum was a "vendor" under General Statutes §§ 47-116 etseq.
Sixth Count
William Milo Barnum in its motion to strike argues that paragraphs 40, 41 and 43 of the Sixth Count should be stricken." [A] motion to strike a single paragraph is improper when the paragraph does not purport to state a separate cause of action."Edelwich v. 33 Sumner Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket NO. CV93 0527767 (May 19, 1994) (Hennessey, J.). Paragraphs 40, 41 and 43 do not purport to state a separate cause of action.
Seventh Count
The court has allowed the Second and Third Counts to withstand the motion to strike. Therefore, a breach of the statutory warranty found in General Statutes §§ 47-116 et seq.
could offend public policy and, therefore, could support a finding that a CUPTA violation has been properly pled. Krawiec v.Blake Manor Development, 26 Conn. App. 601 (1992). Amato v.Sherwood Forest, Inc., Superior Court, judicial district of New Haven, Docket No. CV92 0341185, 15 CONN. L. RPTR. 69 (September 14, 1995) (Hodgson, J.).
Twentieth Count
"The contours of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." Marshak v. Marshak,226 Conn. 652, 665 (1993); Williams v. Maislen, 116 Conn. 433, 437
(1933). William Milo Barnum argues that the plaintiffs have failed to allege that any acts taken in furtherance of a conspiracy caused the plaintiffs to suffer damage. The CT Page 8783 allegations set forth in paragraph 110 of the revised complaint satisfy the fourth prong of the aforementioned test, in that the damages suffered by the plaintiffs were as a direct result and were proximately caused by the so-called conspiracy.
Accordingly, William Milo Barnum's motion to strike is denied.
MINTZ, J.