[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants have moved to strike each count of the plaintiffs' Amended Complaints dated September 23, 1999. The defendants assert different grounds for each count and the court will address each count or legal argument in turn, beginning with the arguments which apply to the complaint as a whole. The court will examine only those grounds to strike expressly raised by the defendants.
 STANDARD
The purpose of a motion to strike is to test the legal sufficiency of the pleadings. Peter-Michael. Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). In examining the legal sufficiency of the plaintiffs complaint, the court assumes the truth of the facts alleged and construes them in the light most favorable to sustaining the sufficiency of the complaint. Bouchard v. People's Bank, 219 Conn. 465,467 (1991). A motion to strike admits all facts well pleaded, but does not admit legal conclusions. Mingachos v. CBS Inc., 196 Conn. 91, 108
(1985). In deciding a motion to strike, the trial court takes the facts alleged in the complaint as true and cannot consider any facts not CT Page 7944 alleged therein, Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990).
 NECESSARY PARTIES
The defendants move to strike the entire complaint based upon the plaintiffs' failure to join a necessary and indispensable party: NFMA. The defendants claim that NFMA appears many times throughout the complaint and they were provided copies of the complaints. In the absence of any further factual basis for such a claim, the court cannot find that NEMA is in fact a necessary and indispensable party to this litigation. Accordingly, the motion to strike the entire complaint based upon this ground is denied.
 GOVERNMENTAL IMMUNITY
The defendants move to strike the entire complaint as to the individual defendants claiming governmental immunity. A motion to strike is a proper vehicle for asserting governmental immunity. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). The starting point for analysis of a municipal official's liability is to determine whether a public or private duty is involved. Id. The court must determine, therefore, whether the activity which is the subject of the complaint creates a duty inuring to an individual or the public at large, Roman v. Stamford,16 Conn. App. 213, 220 (1988). If the duty is such that performance of it will affect an individual in a manner different in kind from the effect on the general public, the duty runs to the individual. Id. The court holds that any duty by the individual defendants pertaining to the assessment of personal property taxes is a public duty.
Once determined that the duty owed is a public duty, the issue of a municipal officer's liability hinges on whether the specific activity in issue was ministerial or discretionary. "A municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Evon v. Andrews, 211 Conn. 501 (1989). Ministerial acts are acts to be performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the course of action,Heigl v. Board of Education, 218 Conn. 1, 5 (1991).
While the mere collection of taxes may be ministerial, the manner in which said taxes are assessed requires judgment and is discretionary. Entering into a contract for valuation is a discretionary act. In fact, the plaintiffs claim that the defendants should have exercised their judgment and should not merely have taken the figures supplied by NFMA as the valuation of plaintiffs' property. The crux of the plaintiffs' claim CT Page 7945 is that it is this failure on the part of the municipal officials to exercise their own judgment or substitute their own judgment for that of NFMA, which has caused the harm alleged in the complaint. The fact that the plaintiff alleges that defendants failed to exercise their judgment and acted arbitrarily does not make, the assessment ministerial in nature. Consequently, the court finds that assessing taxes is discretionary in nature and not ministerial. The motion to strike as to the individual defendants is granted as to all counts.
 COUNT THREE
Count three seeks declaratory relief identical to that sought in count one with the additional request for a finding that the defendants exceeded their statutory authority. Since the court has found that the defendants are entitled to the protection of qualified immunity, the only relief possible under count three would be duplicative of count one. Accordingly, count three is stricken.
 COUNT TWO
Count two of the plaintiffs' complaint seeks declaratory relief that the valuation agreement between the City and NFMA is null and void as a matter of public policy and that the information rendered to the City pursuant to said agreement is corrupted and tainted and consequently may not be used for any other purpose. Defendants move to strike claiming that a contingent fee agreement, as a matter of law, is not a violation of public policy as it is expressly allowed by Connecticut General Statutes § 20-281m. The court disagrees.
Connecticut General Statutes § 20-281m applies to certified public accountants. Whether NFMA is a certified public accountant is not before this court in the pleadings and, therefore, cannot be considered by this court. Additonally, [Additionally], it is the opinion of this court that the defendant misreads said statute:
 "A licensee shall not offer to perform professional services for a fee which is contingent upon the findings of results of such services. This section shall not apply to professional services involving federal, state or other taxes in which the findings are those of the tax authorities and not the licensees . . ."
Connecticut General Statutes § 20-281m. The question of whether or not the valuation agreement between NFMA and the City provides for compensation based upon the tax authority's figures or those of NEMA is CT Page 7946 not within the four corners of the pleadings and therefore cannot be considered on a motion to strike.
Additionally, the plaintiff claims that the agreement violates public policy based on more than just the contingent nature of the fee arrangement. The court finds that the plaintiffs have sufficiently pleaded a cause of action in this count. The motion to strike is denied.
 COUNT FOUR
In this count, plaintiffs allege that their due process and equal protection rights were violated because, among other things, they were denied their constitutional right to a neutral and disinterested decision maker in having their personal property taxes determined. The defendants move to strike claiming failure to state a violation of constitutional rights because hearings were held, in which plaintiffs participated, in accordance with Connecticut General Statutes § 12-53.
In order to prevail on its procedural due process claim, the plaintiff must show that (1) its property interest is cognizable under the due process clause, (2) it has been deprived of its property interest, and (3) the deprivation of the property interest has occurred without due process of law. Double I Limited Partnership v. Plan ZoningCommission, 218 Conn. 65, 76, 588 A.2d 624 (1991). Here, the plaintiffs, as taxpayers, possess substantial property interests in the determination of their taxes. The manner in which taxes are assessed significantly affects the interests of the plaintiffs. The plaintiffs therefore are entitled to due process protection in this regard.
The rights to notice and to be heard are not the exclusive due process rights afforded under our federal and state constitutions. As noted by the plaintiffs, at the core of due process protection is the requirement of a fair and impartial decision-maker. Clisham v. Board of PoliceCommissioners, 223 Conn. 354, 355 (1992). The plaintiffs have alleged that the recommended tax provided by the NFMA to the City could not be compromised without consultation with NFMA. The plaintiffs have further alleged that the agreement required NFMA to be present at all hearings afforded to taxpayers pursuant to § 12-53. NEMA's fee, as alleged by the plaintiffs, was based upon the increase in taxes that were collected. Accordingly, taking the allegations in the complaint as true, the plaintiffs have claimed that they were not afforded a neutral and impartial decision-maker in having their property taxes determined. Their claim constitutes a cognizable cause of action. The motion to strike this count is denied.
 COUNT FIVE
CT Page 7947
In the fifth count of the complaint, the plaintiffs allege that the actions of the defendants described in the preceding counts (and actions derivative therefrom) constitute a civil conspiracy to raise the plaintiffs' taxes. Since those acts do not give rise to liability because of the doctrine of governmental immunity, the same acts do not become actionable because they are characterized as part of a conspiracy. The motion to strike this count is granted as to the individuals.
With regards to the City, the defendant claims that the plaintiffs have failed to sufficiently plead a cause of action due to the absence of any illegal or unlawful conduct. "The contours of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964
(1993); Williams v. Maislen, 116 Conn. 433, 437, 165 A. 455 (1933).
The court finds that the plaintiffs have sufficiently plead a cause of action for civil conspiracy against the City of Meriden. They have alleged that the defendant conspired with NFMA to increase the taxes of the plaintiff and that they violated the law in doing so, all to the harm of the plaintiffs. While the defendant may argue that they have not violated the law or engaged in any illegal conduct, it is not the court's function at this juncture to make such a determination. To survive a motion to strike, plaintiff must merely allege the required elements to establish a prima facie case. The court finds that the plaintiffs have met this burden. The motion to strike as to the City of Meriden is denied.
 CONCLUSION
The entire complaint has been stricken as to the individual defendants. Count three has been stricken in its entirety. Counts one, two, four and five remain as to the City of Meriden only.
Bishop, J.