[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9775
Three defendants, the Hartford Roman Catholic Archdiocese Corporation, Inc., St. Francis of Assisi Church Corporation of New Britain, and Archbishop Daniel A. Cronin, move to strike certain counts of the second amended, revised complaint filed by the plaintiff Kevin Dumais and a portion of the prayer for relief.
This revised complaint has six counts containing, inter alia, allegations that a priest, Kenneth H. Shiner, was pastor of St. Francis of Assisi Church in New Britain, which parish fell within the ecclesiastical jurisdiction of the Hartford Archdiocese. The complaint further alleges that Shiner repeatedly sexually abused the plaintiff from 1980 to 1984, a period when the plaintiff was a minor and a communicant at that church.
A motion to strike "admits all the facts well pleaded; it does not admit conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). This memorandum will address the distinct grounds of the motion to strike, and the counts to which they apply, separately.
 I
The second and third counts assert vicarious liability against the archdiocese and church, respectively, for Shiner's purported sexual assaults under the legal theory of respondeat superior. The corporations contend that respondeat superior is inapplicable to intentional misconduct committed by an employee for personal purposes and outside of the scope of employment. The court agrees.
These counts omit allegations that the sexual abuse of the plaintiff was performed by Shiner as part of his employment or priestly duties. An employer is liable for the acts of an employee only when that conduct is actuated, at least in part, by a purpose to serve the employer. A-GFoods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 210 (1990). The untoward behavior must take place while the employee is engaged in the service of the employer, and "it is not synonymous with the phrase `during the period covered by his employment.'" Id., 209 and 210. The critical question is whether the employee was engaged in the employer's business or had abandoned that business while harming the plaintiff. Id., 210.
Because the plaintiff makes no claim that Shiner's sexual abuse of him was done in any way to advance or further the business of the church or archdiocese, even in some misguided manner, these counts fail to set CT Page 9776 forth a cause of action imposing vicarious liability upon these defendants.
 II
The fourth and fifth counts allege negligence by the church and archdiocese, respectively, for a variety of deficiencies which permitted Shiner to work with minors and failed to promulgate adequate policies to prevent sexual abuse by clergy. These two defendants concede that at least some of these specifications of negligence, if proven, would impose liability on these defendants. In other words, the corporations only attack some of the specific claims of negligence enumerated against them.
When a single count alleges multiple acts or omissions constituting a single cause of action, if any one act or omission is sufficiently pleaded, a motion to strike is inapposite. Wachtel v. Rosol, 159 Conn. 496,499 (1970); E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997), § 72f, p. 219. Consequently, these counts withstand the motion to strike.
 III
The sixth count attempts to establish a cause of action for civil conspiracy against all defendants. Under Connecticut law there is no such cause of action. Litchfield Asset Management Corp. v. Howell,70 Conn. App. 133. 140 (2002). A cause of action may lie for the damage resulting from the conspiratorial behavior, such as fraud, but not for the conspiracy itself. Id. No damages are awarded based on conspiracy apart from the damages assessable for the resulting cause of action. Id., 146. Therefore, civil conspiracy ought not be alleged in a separate count independent from the underlying cause of action, such as for assault, fraud, etc. because it is merely a method of committing the underlying cause of action.
Additionally, this count is deficient because it lacks any allegation that the agents or employees of the archdiocese or church conspired with Shiner to commit sexual abuse of the plaintiff. A civil conspiracy requires that two or more persons combine for the purpose of committing a criminal or other unlawful act or use unlawful means which injure another. Williams v. Maislen, 116 Conn. 433, 437 (1999). It is inadequate to aver that a group of persons agreed to perform certain other acts but not the injurious conduct which harmed the plaintiff, in this case the sexual abuse of a minor.
As to Archbishop Cronin, this sixth count is the only one which appears CT Page 9777 to pertain to him. This count fails to state that Cronin was affiliated in any way with Shiner, the Hartford Archdiocese, or St. Francis of Assisi Church during the relevant time period, i.e. from 1980 to 1984. The complaint simply lacks any material connection between Cronin and the plaintiffs alleged injury.
 IV
The defendants also move to strike that portion of the prayer for relief which seeks punitive damages. The defendants argue that even if counts four and five survive this motion to strike, these counts comprise no allegations justifying punitive damages.
Reckless indifference can justify punitive damages. Berry v. Loiseau,223 Conn. 786, 811 (1992). It is unnecessary to prove actual intent to harm before such damages may be awarded. Id. Reckless misconduct exceeds mere negligence. A reckless actor is one who recognizes that his or her behavior involves a risk of injury to others substantially greater than negligence. It requires a conscious choice of a course of action with knowledge that that action will seriously endanger others or with knowledge of facts which would disclose this danger. Mooney v. Wabrek,129 Conn. 302, 308 (1942).
In the present case, the plaintiff alleges in the fourth and fifth. counts that the Archdiocese and local church knew of Shiner's proclivity to abuse children sexually and consistently allowed him to have private access to such children, including the plaintiff. Reckless indifference encompasses such conscious behavior, if proven.
In summary, the motion to strike is granted as to counts two, three, and six and denied as to counts four and five and the prayer for relief. No unstricken counts remain as to Archbishop Cronin.
 ___________ J. Sferrazza